THE STATE v. CHARLES POHL, Appellant.

Division Two, December 2, 1902.

1. **Information: SUFFICIENCY.** An information in case of a felony is not required to be based upon the knowledge, information and belief of the prosecuting attorney or of any other person, nor to be supported by the affidavit of any person, if it is filed by the prosecuting attorney in his official capacity.

2. **Instruction on Self-Defense.** Even though the prosecuting witness may have had a knife in his hand and have been walking toward defendant when he was assaulted, yet if by defendant's own evidence he was the aggressor and there is nothing tending to show that the other was about to assault him or do him some bodily harm, the defendant is not entitled to an instruction on the subject of self-defense.

3. Instruction: ERRONEOUS: HARMLESS ERROR. Defendant can not complain of an instruction on the subject of self-defense where the error was in his own favor. The error in the instruction in this case required less of defendant to justify the assault by him than the law imposed on him.

4. ———: SELF-SERVING ERROR. No litigant can complain of an instruction given at his own request, however erroneous.

Appeal from Maries Circuit Court.—*Hon. Jas. E. Hazell*, Judge.

AFFIRMED.

*Crites & Garrison* and *Joseph W. Mosby* for appellant.

(1) The court erred in failing to instruct the jury upon all the questions of law arising in the case, which was necessary for their information in giving their verdict. Laws 1901, p. 140, provides: "Whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt; and such a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict and granting a new trial." State v. Cantlin, 118 Mo. 100; State v. Paxton, 126 Mo. 500; State v. Nelson, 132 Mo. 184. The Act of 1901 has changed entirely the meaning of the statute in so far as it relates to the points here in issue. It is not now necessary for the defendant to ask for instructions on all questions of law arising in the case, because the Legislature has said that it is the duty of the trial court to instruct "whether requested to or not." It, therefore, not being necessary to ask for instructions, and none being asked, it would be impossible to follow the rule heretofore laid down, and except to a ruling of the court which was not made. We contend that under the statement of the defendant, and under all

the evidence in this case, disclosed by the record, the court should have given a plain, clear and concise instruction telling the jury that if they believed the theory of the defendant, then the striking of Baumgartner was not felonious, but justifiable, and that they must acquit the defendant on the ground of necessary self-defense. Sufficient and proper instructions on this theory are given in State v. Jones, 78 Mo. 278; State v. Hicks, 92 Mo. 431; State v. Music, 101 Mo. 260; State v. McDaniel, 94 Mo. 301; State v. Anderson, 86 Mo. 309; State v. Green, 66 Mo. 631; State v. Grant, 152 Mo. 57; State v. Smith, 125 Mo. 7; State v. Hudspeth, 159 Mo. 196; State v. Paxton, 126 Mo. 509; State v. Talmage, 107 Mo. 560. A defendant is entitled to an instruction on self-defense though his own testimony is the only evidence in support of it. State v. Fredericks, 136 Mo. 51; State v. Music, 101 Mo. 260. (2) The court did not correctly declare the law in the instructions given. They entirely deprive the defendant of the right of self-defense if he brought on the difficulty, or voluntarily entered into the same, without regard to his intention or design in so doing. Instruction 9 requires the jury to believe before they acquit the defendant, "that Enoch Baumgartner brought on the difficulty." Instruction 10 requires the jury to believe before they acquit the defendant that the defendant "did not himself voluntarily enter into the difficulty." These expressions are not qualified in any way, and it is now the well-settled law in this State that a person may bring on a difficulty, or voluntarily enter into the same, without a felonious design, and still be not deprived of his right of self-defense. State v. Partlow, 90 Mo. 608; State v. Berkley, 92 Mo. 41; State v. Hickman, 95 Mo. 322; State v. Vaughn, 141 Mo. 514; State v. Rapp, 142 Mo. 443. (3) The motion in arrest should have been sustained, because the information was not sufficient to require the defendant to be placed on trial. The information was not sworn to or verified by either the prosecuting attorney or anyone else; neither does the information show that it was based on the affidavit

of anyone, or that such an affidavit was filed, but on the contrary it states that: "John W. Terrell, prosecuting attorney within and for the county of Maries, in the State of Missouri, informs the court," etc.   Thus the information shows on its face that it is based either on the knowledge, or the information and belief, of the said prosecuting attorney, and we can not consider any affidavit in the case that may have been filed separately with the circuit clerk, because the prosecuting attorney has a right to ignore such an affidavit, or complaint, and file an information on his own knowledge, or information and belief, and such appears to be the intention of the prosecuting attorney in the case at bar. That is the only construction we can put on the words used in the information itself, and we can not go back of that to look for an affidavit, or complaint, or to inquire into where or how he obtained his information.   State v. Fagan, 70 Mo. App. 406.   It appearing on the face of the information in the case at bar that it was based on the knowledge, or the information and belief, of the prosecuting attorney, and said information being filed in a court of record, then it is absolutely necessary that it should be verified, and in the absence of such verification it is fatally defective.   R. S. 1899, sec. 2477; State v. O'Connor, 58 Mo. App. 457; State v. Truett, 61 Mo. App. 156; State v. Sayman, 61 Mo. App. 244; State v. Bragg, 63 Mo. App. 22.

*Edward C. Crow*, Attorney-General, and *Jerry M. Jeffries*, for the State.

An information filed in a court of record wherein the charge is a felony, need not be founded upon the affidavit of any person or of the prosecuting officer.   It has been held by this court that under the laws of this State, as they now exist and existed at the time this information was filed, the rules of common law would govern the sufficiency of the information.   At common law the information need not be under oath, but is sufficient if it was signed by the attorney-general, solici-

tor-general, or prosecuting attorney, and is sufficient in form. Blackstone, book 4, pp. 308, 309, 310; Chitty's Criminal Law, pp. 845, 846; Bishop's Criminal Procedure, sec. 144; State v. Kelm, 79 Mo. 515; State v. Briscoe, 80 Mo. 643; State v. Kyle, 166 Mo. 287.

BURGESS, J.—Defendant was convicted, and his punishment fixed at four years' imprisonment in the penitentiary, under an information filed by the prosecuting attorney of Maries county in the circuit court of said county, charging him with assaulting, with malice aforethought, with a deadly weapon, one Enoch Baumgartner. He appeals.

The facts are that Baumgartner was administrator of the estate of defendant's mother and curator of defendant's estate, and after the arrival of age of defendant they had some disagreement and a lawsuit over the estate of the mother, in which defendant recovered judgment against Baumgartner. Over these matters bad blood was aroused. Some months prior to the difficulty, the defendant desired to borrow the sum of seven hundred dollars on the farm that had been left him from his mother's estate. As there was a mortgage upon it at that time, he was unable to do so unless Baumgartner would sign the note as his surety. After numerous requests, Baumgartner agreed to and did this, taking a deed of trust upon defendant's land to indemnify himself against loss.

At about the time this difficulty occurred the defendant had contracted to sell the place, and a controversy arose over the question of the payment and release of the deed of trust. There is a dispute and contention as to what the facts were in that respect. On the morning of the occurrence, Baumgartner went to Paydown, a little town in Maries county, where it was agreed among the parties they should meet and the matters be arranged. He found defendant in a saloon at that place. Defendant had been there all the morning drinking. When Baumgartner went into the saloon, the defendant met him about the middle of the room

and without any cause or provocation, uttering an oath, struck Baumgartner forcibly upon the face with his fist, who, surprised and stunned at the assault made upon him, turned and fled, attempting to get out and keep out of the way of the defendant. The defendant followed, grabbed an empty beer bottle and struck him upon the back of the head, fracturing the skull, from which fracture a small piece of bone afterwards came out, and left a considerable depression in the head. The beer bottle broke and defendant grabbed another of like kind and struck his victim in the side and began bruising his body with it, when Baumgartner called upon bystanders to take the defendant off of him. When this was done, Baumgartner started out of the door, and defendant threw another beer bottle at him, but missed him and the bottle was broken to pieces against the door.

Defendant testified that when Baumgartner came into the saloon "he came right towards me. He was about, I guess, in about two feet, or two and a half, from me. He had a knife in his hand." But there was no evidence tending to show that Baumgartner at any time threatened or attempted to use his knife on defendant.

Edward Baumgartner signed an information charging the defendant with this assault; the information purports to be sworn to before the circuit clerk of Maries county, but does not contain the seal. John W. Tyrrell, prosecuting attorney of Maries county, filed an information charging the defendant with this assault. He does so in his official capacity and not under oath.

It is said that the motion in arrest should have been sustained, because the information was not sufficient to require the defendant to be placed on trial. The argument is that the information is not based upon the knowledge, information and belief of the prosecuting attorney, nor upon the knowledge, information and belief of any person, and that it is not supported by the affidavit of any person. But this contention is

untenable. It was filed on September 24, 1901, and since the adoption of the amendment to the Constitution which took effect on December 19, 1900, an information in case of felony need not be under oath, but is sufficient if presented by the Attorney-General or the prosecuting attorney of the proper county under his official oath. [State v. Kyle, 166 Mo. 287.]

It is said that the court erred in failing to instruct the jury upon all the questions of law arising in the case which was necessary for their information in considering of their verdict and, especially, upon the theory that the assault was committed in self-defense. There is no merit in this contention, for, according to the defendant's own testimony, he was the aggressor, and nothing whatever tending to show that Baumgartner was threatening or attempting to harm him in any way, and although he may have had a knife in his hand at the time, that did not, in the absence of anything tending to show that he was about to assault defendant or to do him some physical injury with it, justify defendant in assaulting him. He was not, therefore, entitled to an instruction upon that theory of the case, but notwithstanding this fact, the court did instruct upon that feature of the case, and while the instructions with respect thereto should not have been given, and were erroneous in that they do not correctly present the law of self-defense, as they required less of defendant than the law imposed upon him to justify the assault by him, they were errors in his favor, of which he can not complain. Moreover, one of the instructions complained of was given at his own request, and it is well settled that no litigant can invite the court to commit error and thereafter take advantage of it.

The instructions that were given covered every feature of the case including that of reasonable doubt as to defendant's guilt, and were more favorable to him than the facts of the case justified. The assault was without justification or excuse, or a single palliating circumstance connected with it, but was brutal in the extreme.

The judgment is affirmed. All concur.