THE STATE v. ALVIN CLINTON, Appellant.

Division Two, June 3, 1919.

1. **INSTRUCTION: For Murder in First Degree: Conviction of Second Degree.** If under an indictment for murder in the first degree the evidence authorizes an instruction for murder in that degree and such an instruction is given, as well as one for murder in the second degree, and the verdict is for murder in the second degree, the judgment will not be disturbed. The giving of an instruction for the higher degree is authorized by the evidence, and the conviction for the lower degree is authorized by the statute (Sec. 5115, R. S. 1909); and the giving of the instruction for the lower degree, being favorable rather than otherwise to defendant, is not error.

2. ———: **Accidental Homicide.** Testimony for defendant that he was endeavoring to wrest from deceased a pistol with which the latter was attempting to assault him when it was discharged, resulting in the death of the aggressor, if true, brings defendant within the purview of Section 4452, Revised Statutes 1909, defining an accidental homicide; and defendant cannot complain of an instruction based on such facts, although stated somewhat more strongly than the testimony authorizes, and directing his acquittal, in the event they are found to be true.

3. ———: ———: **Self-Defense.** If the testimony of defendant's witnesses tends to show that the killing was accidental, and there is also some testimony to sustain a conclusion that the killing was done in self-defense, it is not error of which defendant can complain to instruct on the theory of accidental homicide, as well as that of self-defense.

4. ———: **Defining Self-Defense.** The instruction defining the conditions under which defendant was authorized to act in his own defense, in the stereotype form frequently approved, is again approved, on the authority of State v. Miles, 253 Mo. 427.

5. ——: **Motive.** The intent which moved defendant to commit the crime having been shown, it is not error to refuse to instruct on motive.

6. **EVIDENCE: To Prove Motive.** Testimony in regard to transactions between defendant and a third person, other than those immediately concerning the difficulty which resulted in the killing, tending to establish a motive for the crime, is admissible.

Appeal from St. Louis City Circuit Court.—*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*Williams & Rollins* for appellant.

*Frank W. McAllister,* Attorney-General, and *C. P. LeMire,* Assistant Attorney-General, for respondent.

(1) The State's instruction No. 2 is an instruction on murder in the first degree. The defendant was found guilty of murder in the second degree, hence error in the instruction is not material, and same will not be reviewed here. State v. Wilson, 250 Mo. 329; State v. Grote, 109 Mo. 345; State v. Stockwell, 106 Mo. 36. (2) The court did not err in giving the instruction on murder in the second degree. Kelly's Criminal Law and Procedure, sec. 4899; State v. Whitsett, 232 Mo. 522; State v. West, 202 Mo. 138; State v. Bobbitt, 215 Mo. 33; State v. Edwards, 203 Mo. 543; State v. Darling, 199 Mo. 202. (3) Instruction No. 5 is not erroneous. State v. Wisdom, 84 Mo. 190; State v. Stockwell, 106 Mo. 39-40; State v, Smith, 114 Mo. 420-422. (4) The court did not err in refusing the instruction on motive. State v. Brown, 168 Mo. 449; State v. Linn, 169 Mo. 664. (5) Extraneous matters which show motive are admissible in evidence. State v. Greaves, 243 Mo. 540; State v. Keller, 263 Mo. 539.

WALKER, J.—Defendant was charged by informa-murder in the first degree. Upon a trial, he was contion, in the Circuit Court of the City of St. Louis, with

victed of murder in the second degree, and his punishment assessed at twenty years' imprisonment in the Penitentiary.  From this judgment he appeals.

The defendant, as the business agent of a local industrial union, in the City of St. Louis, collected back dues from a member of the union named Hammerle, but failed to account for same, thus depriving the latter of his right to a transfer, which he had demanded upon the payment of the dues.  Hammerle related his grievance to one Samuel Nacer, a member of the union, and, at a meeting thereafter, Nacer charged the defendant with the delinquency.  Subsequently, a special meeting of the union was held to consider the removal of the defendant from the position of business agent on account of this delinquency, and for other questionable transactions connected with the business of the union. When Hammerle arrived at this meeting, the defendant attempted to assault him, and upon the former denying that he had preferred the charges against the defendant, the latter said: "Where, then, is the s— of a b— that does make this trouble?" He supplemented this remark by ordering Hammerle from the hall, and upon the latter's leaving, followed him out into the street. A short distance from the building, Samuel Nacer appeared and repeating the language of the defendant in his inquiry as to who had started the trouble, said: "I am the man you are looking for." Whereupon, Nacer and the defendant engaged in a fist fight in which the defendant was knocked down three or four times, when a police officer appeared and stopped the difficulty. Nacer and Hammerle then returned to the hall, and the defendant went down the street.  A few minutes thereafter, the defendant went back to the hall, and upon entering, proceeded to where Nacer and Hammerle were sitting.  When within two or three steps of Nacer, the defendant motioned to him and, as he arose, defendant shot him.  Nacer fell, dying almost instantly.  As defendant attempted to leave the scene, a pistol was seen in his hand.  He was forcibly detained until police offi-

cers arrived and took him in charge. An autopsy disclosed that Nacer had been shot and that a 38-caliber pistol ball had entered just above his left nipple, which penetrated the heart, and lodged near one of the vertebrae. The foregoing is substantially the testimony introduced on behalf of the State.

Defendant's testimony is that, when he followed Hammerle into the street, he was assaulted and beaten by Nacer, Hammerle and one Steffan; that after his assailants were made to desist by a police officer, they went back into the hall and in a few moments he followed them. Other witnesses who testified for defendant, stated that when he returned to the hall, as he was passing where Nacer was sitting, the latter arose and struck him over the head with a pistol; that a scuffle ensued for the possession of the weapon; that while defendant and Nacer were thus engaged, Steffan came up behind the defendant and struck him on the head with a chair, and that at this moment the pistol was discharged and Nacer fell. The jury did not give credence to the testimony of the defendant and his witnesses.

I. Defendant contends that the giving of an instruction for murder in the first degree was unauthorized. The evidence was sufficient to authorize this instruction. When there is a conviction for a lower degree of an offense, as in this case, an instruction for a higher degree is harmless. [State v. Morehead, 271 Mo. 88, 195 S. W. 1043; State v. Goodwin, 271 Mo. 83, 195 S. W. 725; State v. Wilson, 250 Mo. 323.]

*Murder in First Degree*

II. Defendant objects to the giving of an instruction for murder in the second degree on the ground that there was no evidence to sustain the same. There was evidence to sustain a conviction for murder in the first degree. The instruction, therefore, for murder in the second degree was more favorable than otherwise to the defendant, and he has no ground of complaint. [State

*Instruction for Murder in Second Degree.*

v. Morrow, 188 S. W. (Mo.) 75.] Besides, under Section 4903, Revised Statutes 1909, it is provided that "any person found guilty of murder in the second degree or any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence shows him to be guilty of a higher degree of homicide." In addition to this statute, it is provided in our Criminal Statute of Jeofails (Sec. 5115, R. S. 1909), that no judgment shall be arrested or in any manner affected because the evidence tends to show the defendant to be guilty of a higher degree of, the offense with which he was charged than that of which he was convicted. [State v. Barnes, 204 S. W. (Mo.) 264; State v. Morrow, 188 S. W. (Mo.) 1. c. 76; State v. Whitsett, 232 Mo. 511.]

III. The court gave an instruction on accidental killing, based on defendant's testimony, which, after hypothetically stating the facts as testified to by defendant, authorized the jury, in the event they
Accidental
Killing. believed the same to be true, to render a verdict of acquittal. If there was error in this instruction it was in defendant's favor, in the court putting the facts, as hypothesized, more strongly than the testimony authorized. Instructions similar in all of their material features were approved in the Wisdom, 84 Mo. l. c. 190, and Stockwell, 106 Mo. l. c. 39, cases, in which the evidence was not more favorable to the defendants than in the case at bar. These rulings, however, are persuasive rather than determinative of defendant's contention, which should be measured by its own facts. These, in the main, consisted, as defendant detailed them, of an effort on his part to wrest from his assailant a deadly weapon with which the latter was attempting to assault him, when it was discharged, resulting in the death of the aggressor. If these facts were true, they brought the defendant within the purview of the statute defining an accidental homicide (Sec. 4452, R. S. 1909), as construed, and properly so, in State v. Coff, 267 Mo. l. c. 21, and the instruction was not error.

IV.   Defendant requested and the court gave an instruction on self-defense.   He complains of this as error.   While the testimony of the defendant and that of his witnesses tended to show that the killing was accidental, there was also some testimony which, if believed, sustained the conclusion that the killing was in self-defense.   Under this state of facts it was not error for the court to instruct upon the theory of an accidental killing, as well as that of self-defense.   This course could have resulted in no harm to the defendant, but gave him the benefit of either defense, as it might appear to the jury.   [State v. Haines, 160 Mo. 1. c. 569.]   While the court, under the testimony, without prejudice to any substantial right of the defendant, might have refused to instruct as to self-defense   (State v. Reed, 117 Mo. 604), the error in thus instructing, if it can be so construed, was more favorable than otherwise to the defendant, and he will not be heard to complain. [State v. Pohl, 170 Mo. 422, State v. Snead, 259 Mo. 427.]

**Self-Defense.**

V.   Defendant contends that an instruction defining the conditions under which he was authorized to act in his own defense was error.   This instruction, as to its tenor, was in the stereotype form frequently approved by this court, most recently in State v. Miles, 253 Mo. 427:   If it be conceded, which we do not think the facts warrant, that the giving of this instruction was technical error, it was not prejudicial to the defendant, as we held in ruling upon the more general instruction in regard to self-defense, and consequently there is no merit in this contention.

**Self-Defense Defined.**

VI.   Other instructions, claimed by defendant in his motion for a new trial to have been requested and refused on behalf of the defendant, are not preserved in the record.

**Preservation.**

VII. The refusal of the court to instruct on motive was not error. The intent which moved the defendant to commit the crime having been shown,

**Motive.**

it was not material that the jury be instructed as to motive. [State v. Santino, 186 S. W. (Mo.) 976; State v. Aitken, 240 Mo. l. c. 267.]

VIII. We find no prejudicial error in the rulings of the trial court upon the admission and rejection of evidence. Testimony was permitted to be introduced in regard to transactions between one Hammerle, and the defendant, other than those immediately concerning the difficulty which resulted in the killing. This testimony tended to establish a motive for the crime, and hence was admissible. [State v. Greaves, 243 Mo. 540.]

Finding no error sufficient to authorize a reversal, the judgment is affirmed. It is so ordered. All concur.