STATE v. LLOYD EDWARD STONE, Appellant.—No. 39383.—188 S. W. (2d) 20.

Division Two, June 11, 1945.

*Sigmund M. Bass* for appellant.

*J. E. Taylor*, Attorney General, and *Gordon P. Weir*, Assistant Attorney General, for respondent.

BOHLING, C.—Lloyd E. Stone was indicted for the murder, in the first degree, of Gustave Dietmeyer; was convicted, upon trial, of manslaughter; was sentenced to ten years' imprisonment, and prosecutes this appeal. The cause will have to be remanded; but first:

We are not, and we think defendant's counsel is not, impressed with the contention the State failed to make a case. Defendant stood upon his demurrer at the close of the State's evidence. Gustave Dietmeyer was sitting on a stool at the bar of a tavern. Defendant came in, remained for a few minutes, and departed. About ten or fifteen minutes later defendant returned, walked up to Dietmeyer, who was sitting down and leaning on the bar. A discussion took place, then a shot was fired, and Dietmeyer slumped forward a little. There was another shot. Dietmeyer was taken to a hospital. Defendant admitted that he shot Dietmeyer with a revolver. Dietmeyer died two days later. This was sufficient.

Error was committed when the court refused to permit defendant's counsel to interrogate the jurors on the voir dire examination with respect to whether they were or had been acquainted with certain close friends and associates of Dietmeyer who, with him, were members of what was known as the Egan gang. It appears that the State's counsel had previously informed the jurors that Dietmeyer had been in trouble. Counsel for defendant informed the court that Dietmeyer had been an associate and a member of what was known in the locality as the Egan gang and requested, upon objection being interposed,

that he be permitted to inquire as to their acquaintance, if any, with the associates and members of the Egan gang, naming some individuals, that he might have this information preparatory to making his peremptory challenges. The inquiry, the reason therefor having been made known to the court and appearing pertinent, was proper "to enable the accused to exercise judiciously his right of peremptory challenge." State v. Mann, 83 Mo. 589, 595. Additional reasons, which need not be repeated, may be found in State v. Miller (Mo.), 207 S. W. 797, 798[1, 2]; Rose v. Sheedy, 345 Mo. 610, 611[2], 134 S. W. 2d 18[2, 3]; State v. Hoelscher, 217 Mo. App. 156, 158, 273 S. W. 1098[1]; Ulmer v. Farnham (Mo. App.), 28 S. W. 2d 113[1-6]. See State v. Munch, 57 Mo. App. 207[3]; 35 C. J. 389, c; 31 Am. Jur. p. 678 et seq., Secs. 166, 177, 178, 181; Annotations, 31 A. L. R. 411; 73 A. L. R. 1028; 105 A. L. R. 1330; 105 A. L. R. 1527 (and case).

The cases of State v. Mann, and State v. Miller, supra, the only cases cited by defendant to the point, do not disclose error in the court's exclusion of proffered ▆ evidence on defendant's cross-examination of a detective to show that Dietmeyer was a member of the Egan gang. The cases cited do not treat of the issue, their observations being limited to the proper scope of inquiry of jurors on voir dire examination for the purpose of peremptory challenge, a different issue than the admissibility of specific evidence.

Defendant complains of the wording of and claims error because the court gave an instruction on self-defense, stating he did not interpose that defense and offered no evidence, having stood upon his demurrer to the State's evidence. Defendant's brief does not specifically point out wherein Sec. 4083, R. S. 1939 (the only authority cited), discloses error. The thought that defendant interposed the defense could have been omitted, but the instruction was not reversibly erroneous therefor. Error, if any, in the fact of its giving was favorable, not prejudicial, in authorizing defendant's acquittal. State v. Wright (Banc), 352 Mo. 66, 74, 175 S. W. 2d 866, 871[7, 10], held that where defendant's extrajudicial statements offered by the State raise the issue of self-defense, as in the instant case, an instruction thereon should be given. Defendant's counsel in the voir dire examination, hereinbefore mentioned, informed the court that a ground for asking the question discussed was that the defense was self-defense. See Secs. 4070, 4083, R. S. 1939.

We think, conforming to State v. Wright, supra, and giving defendant the most favorable construction of the evidence, an instruction on homicide by accident (Sec. 4380, R. S. 1939) was authorized. There were statements in a confession offered by the State, which, if believed, although taxing one's credulity, permitted of a finding that Dietmeyer drew a pistol and threatened defendant; that defendant wrestled with him for the gun; that a shot or shots were fired, and when it was over defendant, without knowing how it happened, had

the gun.   State v. Crowley, 345 Mo. 1177, 1182(I), 139 S. W. 2d 473, 475, 476[1, 2]; State v. Bradley, 352 Mo. 780, 784, 179 S. W. 2d 98, 100[3]; State v. Clinton, 278 Mo. 344, 348(III), 213 S. W. 841, 842[6].

▮ Another point complains in general terms of an instruction covering several subject-matters in separate paragraphs.   This complaint is too general.

The judgment is reversed and the cause is remanded.   *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.   All the judges concur.