STATE of Missouri, Respondent,

v.

James AUSTIN, Appellant.

No. 49640.

Supreme Court of Missouri,

Division No. 2.

May 13, 1963.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Ike Skelton, Jr., Sp. Asst. Atty. Gen., Lexington, for respondent.

STOCKARD, Commissioner.

■ Appellant, charged with second degree murder by grand jury indictment, was found guilty by a jury and sentenced to imprisonment for sixteen years. He has appealed from the judgment entered pursuant to the verdict. No brief has been filed in this court on his behalf so we review the assignments of error in the motion for new trial.

Appellant contends that the trial court erred in failing and refusing to give an instruction on self-defense. The state's evidence was to the effect that about 1:15 o'clock in the morning of September 13, 1959, appellant emerged from the Square Deal tavern where he was a bartender and said to "Uncle LeRoy" Hodges, who was standing nearby, "You don't believe I will shoot, do you?" Then with no further comment or act by either party appellant shot Hodges with a .25 calibre pistol. Hodges later died from the injuries thus received.

■ In his opening statement to the jury counsel for defendant related certain facts he intended to prove, which if true, unquestionably would constitute self-defense. Appellant testified; and the follow-

ing summation of his testimony is substantially the same as that in the statement of facts in the state's brief. On the night of September 12 appellant had warned Hodges more than once not to reach behind the bar to get glasses but to ask for them. Later that evening appellant quit his job as bartender after an argument with the barmaid over "putting beer in the box," and when he left the tavern he placed in his pocket a pistol which he had kept behind the bar. After getting out of the tavern he started back to give the barmaid a key. He then saw Hodges near the tavern door with a person known as "Fats" Southerland. As appellant started away from the door Hodges started walking toward him, and appellant saw that he had a knife in his hand. Appellant walked a few steps and Hodges kept coming toward him with the knife. Appellant then stopped and asked Hodges what he was going to do with the knife but he did not answer. Appellant then told Hodges to stop and again asked him what he was going to do with the knife. Hodges did not answer. Appellant started backing up and shoved Gladys Austin, his "common-law wife" behind him, and as Hodges raised the knife, appellant "seeing he was going to lunge after me" pulled the gun out of his pocket and fired. Hodges then took a couple of more steps and stopped, and appellant turned and walked away.

■ The trial court did not give an instruction on self-defense, but the state correctly admits in its brief with commendable candor that "the facts create an issue of self-defense." This court has repeatedly held over a period of many years that if there is any competent substantial evidence of self-defense it is the court's duty to instruct on that issue as a part of the law of the case. Supreme Court Rule 26.02, V.A.M.R.; State v. Laspy, Mo., 298 S.W.2d 357; State v. Bounds, Mo., 305 S.W.2d 487; State v. Stone, 354 Mo. 41, 188 S.W.2d 20; State v. Ferguson, 353 Mo. 46, 182 S.W.2d 38; State v. Havens, Mo., 177 S.W.2d 625. Appellant admits that he shot Hodges, and

he does not contend the shooting was accidental or urge any other defense inconsistent with that of self-defense. In view of appellant's testimony that Hodges was advancing on him with a knife without provocation from appellant, that he urged Hodges to stop, and that he shot only when Hodges raised the knife and appellant saw that he was "going to lunge" after him, the issue of self-defense was a question for the jury. See State v. Turner, 246 Mo. 598, 152 S.W. 313; State v. Laspy, supra, 298 S.W.2d at p. 360; State v. Perno, Mo., 23 S.W.2d 87, 91.

■■ The state urges that the rule announced in the above cases be re-examined in view of the language used in State v. Winn, Mo., 324 S.W.2d 637, and State v. Wicker, Mo., 222 S.W. 1014. In each of these cases an instruction on self-defense was given. The question was whether the state's verdict directing instruction ignored or was inconsistent with the defense of self-defense. In the Winn case it was held that when self-defense is an issue in the case an instruction on assault with intent to kill which purports to cover the whole case, but excludes the idea of self-defense, constitutes prejudicial error. One instruction in that case was held erroneous, but another was held not erroneous because it required the jury to find the assault was made on "purpose and of malice aforethought" which negatived the self-defense submitted. In so ruling the court relied primarily on State v. Wicker, supra. The state argues in this case that since its verdict directing instruction on second degree murder required the jury to find that appellant acted "with malice aforethought" the jury was required to find facts which would definitely negative self-defense. In one respect this possibly is true, but there is no question that the evidence previously set out resulted in the issue of self-defense being part of the law of this case, and pursuant to Supreme Court Rule 26.02, V.A.M.R., the trial court was required to "instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict"

whether or not requested by either party. See State v. Spencer, Mo., 307 S.W.2d 440. The question here is not whether certain instructions are in conflict as in the Winn and Wicker cases, but whether the trial court gave such instructions as are necessary to meet the minimum requirements of the above Supreme Court Rule, and it is obvious that it did not.

The judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.