**STATE of Missouri, Respondent,**

v.

**Marshall James AMEEN, Appellant.**

**No. 55858.**

Supreme Court of Missouri,
Division No. 1.

March 8, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Robert G. Duncan, Kansas City, for appellant.

SEILER, Presiding Judge.

For the killing of one George H. Robinson defendant was found guilty of murder in the second degree and sentenced to 20 years' imprisonment. He has appealed.

The evidence clearly authorized a finding of murder in the second degree. The defendant does not challenge its sufficiency and we need not set out in detail the circumstances established by the state's evidence, because the issue before us depends on evidence from defendant's side.

According to defendant's evidence, the deceased died from a shotgun wound received while the deceased, the defendant, and one other man were struggling for possession of the shotgun. Defendant testified he and another man picked up two girls in Excelsior Springs and then drove to a location where there was some sort of a Women's Job Corps facility where they were looking for a third man. Defendant saw the man near the gate and pulled into the driveway to back up and turn around. Two automobiles drove in behind him. It was after dark. The deceased and another man were in the second car. The deceased's brother, Edward, and another man and woman were in the first car. Edward Robinson walked up to defendant's car and asked defendant to move over to the side out of the way; an argument started; Edward Robinson took out a pistol and ordered defendant to pull over. According to the defendant, as he moved his automobile forward some object struck and broke his windshield. Defendant got out of the car (which, he said, belonged to his step brother) and went back to the trunk to find something with which to protect himself. There he found a shotgun. It appeared that the deceased and his brother, both large men weighing 220 pounds or more, were returning to their cars, so defendant put the gun in the back seat. Then, however, the men started back toward defendant, who said there were four to seven men in the group approaching him, and he took the shotgun in hand again. The deceased grabbed hold of the shotgun, defendant pushed him back, and they started to struggle over it. Another large-sized man, probably the brother, also grabbed the gun and during the struggle the gun went off and the deceased was shot. Defendant denied he shot deceased. After the shot defendant released the gun and someone hit him over the head with it, but he broke away, ran to his car, backed out and escaped.

The court instructed the jury on the duty of the jury with respect to the instructions, the credibility of witnesses, presumption of innocence, murder in the second degree, manslaughter, self-defense, and defined the terms "wilfully", "premeditatedly", "malice", and "malice aforethought".

The sole issue on appeal is whether the court committed prejudicial error in refusing to give instruction I offered by defendant or otherwise to instruct on the defense of excusable homicide resulting from the accidental discharge of the gun.

In State v. O'Kelley (Mo.Sup.) 213 S.W. 2d 963, 967, the defendant was convicted of murder in the second degree. The defendant testified that " * * * the gun was discharged while he and [the deceased] were scuffling for its possession * * * " After quoting the definition of excusable homicide contained in what is now Sec. 559.050, RSMo 1969, V.A.M.S., the court said: "On defendant's own testimony he was entitled to an instruction, whether he requested it or not, submitting his defense that the killing was accidental * * * " For examples of other scuffling over gun cases with accident instructions, see State v. Haygood (Mo.Sup.) 411 S.W. 2d 230; State v. Tatum (Mo.Sup.) 414 S. W.2d 566; State v. Peal (Mo.Sup.1971), 463 S.W.2d 840; State v. Baker (Mo.Sup.) 277 S.W.2d 627; State v. Crowley, 345 Mo. 1177, 139 S.W.2d 473; State v. Stone, 354 Mo. 41, 188 S.W.2d 20.

The state argues that under State v. Browning (Mo.Sup.banc) 442 S.W.2d 55, accidental killing does not constitute an excusable homicide within the meaning of Sec. 559.050, if the homicide was committed in the commission of an unlawful act, and here the defendant was exhibiting the shotgun in a rude, angry, and threatening manner in violation of 564.610, RSMo 1969, V.A.M.S., which makes that offense a graded felony. So his act, the state argues, was therefore unlawful unless what he did was done in self-defense, and since self-defense would have exculpated appellant on justifiable homicide which the jury found was not the situation in this case, an excusable homicide instruction was not necessary.

The Browning case does not support the state's position in our opinion. In Browning, there was a party going on at a residence and when the guests started to depart, defendant discovered his coat was missing and announced no one was going to leave until he found it. One or two started to leave anyway, so defendant shut the door, pulled out a pistol, and threatened to shoot anyone who tried to leave before

he found his coat. One man started to open the door and defendant shot him. Defendant's testimony was that deceased lunged at defendant as though he were going to grab the gun and when defendant pulled his hand back to avoid this, the gun went off. In overruling defendant's contention he should have been given an instruction on accidental homicide, the Browning opinion points out at 442 S.W.2d 1. c. 57: " * * * In holding the guests at bay and pointing the gun at Bell and others defendant was engaged in unlawful acts * * * ", and, was also, on his own admission, falsely imprisoning the other guests by depriving them of their liberty, acting recklessly and demonstrating an unlawful intent.

The facts are different here. On defendant's testimony in the case before us he picked up the gun from the back seat after a group of men had started to advance on him under circumstances which appeared threatening and dangerous. Defendant did not testify that he pointed the gun at the men or raised it to a ready position as they advanced. He said that the deceased came up to him and he tried to push the deceased back and that is when the deceased grabbed hold of the barrel and they started struggling over the gun; that a third man also grabbed the barrel of the gun and that the three of them were struggling. It was during this struggle that the gun went off. As stated, defendant denied that he shot deceased.

The court should have given a proper instruction on the defense of excusable homicide on the basis of an accidental discharge of the shotgun. Failure to do so is not cured by the giving of state's instructions on second degree containing the words "wilfully, feloniously, premeditatedly, and of his malice aforethought", or by the instruction on manslaughter, which the jury was to consider if defendant were found not guilty of murder in the second degree and contained a definition in general terms of justifiable and excusable homicide. Defendant was entitled to a

presentation of his side of the excusable homicide proposition, State v. Drane (Mo. Sup.) 416 S.W.2d 105; State v. Aitkens, 352 Mo. 746, 179 S.W.2d 84.

Reversed and remanded for a new trial.

BARDGETT, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting.