**STATE of Missouri, Respondent,**

v.

**James Arthur WOOTEN, Appellant.**

No. 57367.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Jack L. Koehr, St. Louis, for appellant.

FINCH, Judge.

Defendant was found guilty of manslaughter and sentenced to imprisonment for three years. We have jurisdiction because the notice of appeal was filed before January 1, 1972, at a time when we had jurisdiction of all felony appeals. We retain such cases for decision. Art. V, § 31, Mo. Const. V.A.M.S.

The single issue presented on appeal is whether defendant's own evidence

that the gun went off while defendant and deceased were struggling for possession thereof entitled defendant to his tendered instruction on accidental homicide. We hold that it did, and hence reverse and remand.

On December 30, 1970, defendant was residing with one Frank Wright in a house in the City of St. Louis. The evidence disclosed that the men had been doing some drinking and that during the afternoon, defendant started to pass through the room occupied by Wright as a bedroom. As defendant entered, he noticed Wright was seated in the room with a .38 caliber pistol in his hand. Wright said, "I ought to kill you," and then fired a shot which missed defendant.

With reference to what then occurred, evidence by the State and by defendant presented two separate versions of what happened. The State put Detective Tumminello on the stand, who testified to a statement defendant had given police after his arrest. According to Tumminello, defendant said that after Wright fired at him and missed, *he was able to grab the pistol from Wright's hand and then fire a shot at Wright.* He did not believe he hit Wright and then he left the house.

After the State concluded its case, defendant took the stand. He testified that after Wright fired a shot at him, he grabbed at the gun and he and Wright "went to tussling over the gun." *While they were struggling, and when both had their hands on the gun, it went off.* After that, defendant managed to get the gun away from Wright and he then left the room, taking the gun with him.

The trial court instructed the jury on second degree murder and manslaughter and also gave a self-defense instruction. Defendant requested Instruction A, which would have advised the jury that a homicide is excusable when it is the result of accident. The court refused that instruction and did not give any other instruction on accidental homicide.

■ Defendant's testimony supported his contention that the pistol was discharged accidentally when the two men were struggling for possession of the gun. He was entitled to an instruction presenting his side of the case. The court should have given a proper instruction on the defense of accidental discharge of the pistol resulting in an excusable homicide. State v. Ameen, 463 S.W.2d 843 (Mo.1971).

■■ Pointing out that the trial court gave an instruction on self-defense, the State contends that the accidental homicide instruction was properly refused because the defenses of accident and self-defense are inconsistent and defendant was not entitled to instructions on both. While we agree that the two defenses are inconsistent, we reject the contention that defendant was not entitled to an instruction submitting the issue of homicide resulting from accident.

The defendant's own evidence supported a defense of accident, not self-defense. He was entitled to an instruction presenting that defense. State v. Peal, 463 S.W. 2d 840 (Mo.1971); State v. O'Kelley, 213 S.W.2d 963 (Mo.1948). The only evidence in the case possibly supporting a defense of self-defense came as a part of the State's case wherein Detective Tumminello testified as to a statement he said defendant made to him after the arrest. We need not consider whether such evidence was sufficient to justify an instruction on self-defense, or whether, coming as it did as a part of the State's case, it would have justified instructions on the inconsistent defenses of self-defense and accident. Those questions were not presented to us on this appeal. But cf. State v. Wright, 352 Mo. 66, 175 S.W.2d 866 (banc 1943); State v. Baker, 277 S.W.2d 627 (Mo.1955); State v. Randolph, 496 S.W.2d 257 (Mo. banc 1973).

Reversed and remanded.

All of the Judges concur.