**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John L. YORK, Defendant–Appellant.**

**No. 93CA1332.**

Colorado Court of Appeals,
Div. IV.

Nov. 3, 1994.

Rehearing Denied Dec. 8, 1994.

Certiorari Denied June 19, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Sandra K. Mills, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Julie M. Iskenderian, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

Defendant, John L. York, appeals a judgment of conviction entered upon a jury verdict finding him guilty of first degree assault. We affirm.

According to the prosecution's evidence, the victim, a passerby who lived in defendant's neighborhood, attempted to intervene in a fight between defendant's 11–year–old son and another boy. An altercation then

developed between defendant's wife and the victim, and the two pushed and jostled each other. One witness testified that during the altercation the victim hit defendant's wife in the mouth. While the victim and defendant's wife continued to argue, defendant approached the victim and stabbed him in the groin.

Defendant testified at trial that he was not present at the fight and that he did not stab the victim. When specifically asked by the prosecutor whether he was claiming self-defense, defense of a third person, or asserting a heat of passion defense, defendant responded in the negative. Thereafter, defendant's request for jury instructions on these three defenses was refused by the trial court.

## I.

Defendant contends that the trial court erred in refusing to instruct the jury on heat of passion, self-defense, and defense of a third person. He contends that testimony of prosecution witnesses about the altercation and his wife's physical injury support his proposed instructions, even though his own testimony unequivocally asserted his non-involvement. We disagree.

■ Generally, an instruction embodying the defendant's theory of the case must be given to the jury if there is any evidence in the record to support it. And, a defendant is entitled to such an instruction even if that theory is improbable or unreasonable. *People v. Dillon*, 655 P.2d 841 (Colo.1982).

■ However, a defendant is not entitled to a theory-of-the-case jury instruction when he or she testifies under oath and utters binding judicial admissions which wholly contradict the tendered theory of defense instruction. *People v. Garcia*, 826 P.2d 1259 (Colo.1992).

Defendant acknowledges the rule of *People v. Garcia, supra,* but contends that its holding should be limited to those instances in which a defendant provides the only evidence to support alternative defense theories. We disagree.

In *People v. Garcia, supra,* the defendant's live-in companion was murdered. Defendant gave a videotaped statement indicating that he witnessed an intruder grappling with his companion in their residence, left to obtain a club, and upon his return, he found the companion had been stabbed.

The companion's two-year-old child stated that defendant had committed the murder. When confronted with this statement, defendant admitted he stabbed his companion. He gave a second videotaped statement, in which he asserted that the companion had repeatedly accused him of sexual infidelity during an argument prior to the stabbing.

At trial, Garcia's theory of defense was that an intruder stabbed the companion. He testified that his first videotaped interview was the truth, and his second videotaped statement was a lie.

Our supreme court held that Garcia's testimony asserting that the second videotaped interview was a lie constituted a binding judicial admission that precluded the use of a heat of passion instruction.

■ We do not read *People v. Garcia, supra,* as narrowly as defendant suggests. Contrary to defendant's contentions, the inquiry there was not whether the evidence supporting the defendant's proposed jury instruction originated with the prosecution or with the defense. The rationale and thrust of *People v. Garcia, supra,* is that a defendant cannot testify under oath to certain facts that, by their nature, preclude any other defense, and then seek a jury instruction based on contradictory evidence that would show his or her sworn testimony to be false. This is true even though other witnesses may contradict that testimony.

■ Here, defendant elected to testify under oath that he was not present at the time of the altercation, thereby precluding a defense that, either in the heat of passion or in defense of himself or his wife, he had stabbed the victim. Moreover, defendant specifically denied that he was relying upon heat of passion, self-defense, or defense of a third person. His testimony constitutes a binding judicial admission which precludes a request for jury instructions on those inconsistent defenses. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986).

Defendant's reliance upon *State v. Wooten,* 498 S.W.2d 562 (Mo.1973) and related cases is misplaced. There, the court held that, when the evidence supports them, inconsistent instructions on accident and self-defense must be submitted to the jury. In *Wooten,* the defendant admitted that he committed the act charged, and those defenses were consistent with his testimony. Here, in contrast, defendant denied committing the act, and his proffered defenses are inconsistent with his judicial admissions.

In view of our determination, we reject defendant's contention that he was denied the constitutional right to present a complete defense and was compelled to choose between the right to testify and the right to present a complete defense.

## II.

Defendant next contends that he was not informed by the trial court that his binding judicial admissions would preclude a contradictory theory of defense instruction. Consequently, he asserts, the trial court failed to advise him adequately of the consequences of his right to testify as required by *People v. Curtis,* 681 P.2d 504 (Colo.1984). Again, we disagree.

In order for a defendant to make a voluntary, knowing, and intelligent decision regarding the right to testify, he or she must be aware of the right to testify, the consequences of testifying, and the right to take the stand against the advice of counsel. *Roelker v. People,* 804 P.2d 1336 (Colo.1991).

While the trial court must advise a defendant of the *Curtis* factors, there is no prescribed litany or formula that the trial court must follow. *People v. Chavez,* 853 P.2d 1149 (Colo.1993). Here, the trial court specifically informed defendant of his *Curtis* rights.

We are not aware of any authority indicating that the trial court is required to advise a defendant about every *strategic* consequence of testifying, or about the consequences of testifying to specific facts. Thus, we are unpersuaded that the trial court failed to advise defendant properly about the con-

sequences of his testimony as required by *People v. Curtis, supra.*

The judgment of conviction is affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.