LEWIS A. ROTE *v.* J. D. WALLS *et al.*

(*Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

Rehearing denied December 16, 1954.

DIETZEN, GRAHAM, DIETZEN & BROCK, of Chattanooga, for Rote.

CHAMBLISS, CHAMBLISS & BROWN, of Chattanooga, for Walls.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a compensation suit in which the Trial Judge awarded compensation to the petitioner Lewis A. Rote for the loss of an eye while working for the defendants J. D'. Walls and L. D. Walls, a partnership engaged in the business of building houses in Chattanooga at the time of the accident.

The defendants have appealed in error here and insist that they had no notice of the accident as required by the statute, and that petitioner was an independent contractor and not subject to the provision of the Workmen's Compensation Laws.

We find from the proof that the petitioner was working on one of the houses of the defendants as a carpenter, was driving a nail with a hammer when the nail ricocheted and struck the petitioner in the left eye, and so serious was the injury to the eye that it was necessary to remove the eye ball.

We find from the proof that the defendants had actual knowledge and notice of the accident at the time. The defendants contend that petitioner was not an employee but was an employee of one John W. Housch, an alleged independent contractor of the defendant, but the preponderance of the proof shows that the petitioner was an employee of the defendants, and further that Housch was a mere employee himself of the defendants and was not an independent contractor.

The facts of this case do not bring the petitioner in the position of being an independent contractor and therefore *Odom* v. *Sanford & Treadway,* 156 Tenn. 202, 299

S. W. 1045; *Mayberry* v. *Bon Air Chemical Co.,* 160 Tenn. 459, at page 465, 26 S. W. (2d) 148; and *D. M. Rose & Co.* v. *Snyder,* 185 Tenn. 499, 206 S. W. (2d) 897, do not apply here.

The weight of the proof shows that the petitioner Rote was a servant or employee of the defendant partnership.

It results that we find no error in the judgment of the lower court and it is affirmed.