**STATE of Missouri, Respondent,**

v.

**William Joseph WILEY, Appellant.**

No. 54124.

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

John C. Danforth, Atty. Gen., Jefferson City, G. Andy Runge, Sp. Asst. Atty. Gen., Mexico, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce & Duncan, Kansas City, for appellant.

HOUSER, Commissioner.

The conviction of William Joseph Wiley of felonious stealing was reversed on his first appeal, State v. Wiley, Mo.Sup., 412 S.W.2d 485, and he was retried. This is an appeal from his conviction at the second trial, at which he received a sentence of 4 years' imprisonment.

Appellant's first point is that the court erred in denying his motion to suppress and in admitting in evidence clothing seized from his automobile as a result of an unlawful and unreasonable search of the automobile, claimed to have been beyond the scope of a search incidental to his arrest.

■ The evidence as to the circumstances surrounding the arrest and search was substantially the same at the two trials. That evidence, recited in the first opinion, 412 S.W.2d, 1. c. 488, 489, need not be repeated here. We held on the first appeal that the search was incident to a lawful arrest; that no search warrant was required, and that the evidence introduced, found during the search, was admissible. This is the law of the case, and we need not analyze the facts further or cite any other authority in support of this search, which was conducted immediately after the defendant was arrested and as he was approaching his automobile, which was parked on a parking lot, and while defendant was "a few feet," "a car length," "fifteen feet," distant from his automobile. The curious will find numerous cases upholding searches of automobiles located near the place of arrest in Anno., Search and Seizure—Validity, 19 A.L.R.3d 727, § 9, p. 746, et seq.

■ Appellant excepts to Instruction No. 5, which follows:

"The law presumes the defendant to be innocent, and that presumption continued [sic] until it has been overcome by evidence which establishes his guilt beyond a reasonable doubt; and the burden of proving his guilt rests with the State.

"If, however, this presumption has been overcome by the evidence and the guilt of the defendant established beyond a reasonable doubt, your duty is to convict.

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence."

Appellant argues that under the law the presumption of innocence continues throughout the trial and until all the evidence is in, but that under No. 5 the jury might find that the presumption of innocence ended after the testimony of the first witness was given—that is, that the presumption persists only until some evidence of guilt is introduced; that the instruction "allowed the jury to make up their mind as to whether or not the defendant had been proven guilty beyond a reasonable doubt before all of the evidence had been heard." Appellant cites no authority in support of this proposition. We find no merit in the argument. The same contention was raised and rejected recently in State v. Donnell, Mo.Sup., 430 S.W.2d 297, 303 [15]. While in many approved instructions on the presumption of innocence the words "throughout the trial" or "until all of the evidence is in" are to be found they are not indispensable. The method of instructing on the duration of the presumption of innocence employed in this case has been used in criminal trials for fifty years and more. Instructions in the language of No. 5 have "uniformly received the sanction and approval of this court." State v. Miller, 190 Mo. 449, 89 S.W. 377, 381; State v. Dooms, 280 Mo. 84, 217 S.W. 43, 47 [5]. From a fair reading of No. 5 it is clear that the jury was required to consider all the evidence in determining the guilt or innocence of the accused.

■ Appellant makes the point that there was no evidence to support the submission of stealing property over the value of $50. The articles claimed to have been stolen were two pairs of men's trousers of the value of $35.96, and one ladies' dress worth $40. Mr. Nichols, the tailor at Macy's Store in Antioch Shopping Center in Clay County, observed appellant and his wife in the men's clothing department. He saw the woman quickly pick up two pairs of men's trousers from a counter, roll them

up and shove them in a "good-sized" ladies' handbag. Appellant held the handbag open while she put the trousers inside. Then she closed the handbag, picked it up, put it under her arm, and the two walked out of the store together. Mr. Nichols notified the sales people and the store detective. Police were summoned. Five to 10 minutes later Mr. Nichols saw appellant and wife back in the store. They were "milling around" in the ladies' ready-to-wear department. Ina Adams, sales manager in ladies' ready-to-wear, testified that the store had three Susan Thomas dresses, two pink size 10 and one aqua size 16, priced at $40, which was their market value. At 4:30 p.m. on the day in question she had occasion to check her stock on these dresses. The two pink dresses were there but the aqua size 16 was missing. She made no sale of that particular item to anyone. There were no $40 sales that day. Another Macy employee, who had been informed of the theft of the trousers, saw appellant and wife come from the ladies' ready-to-wear department, leave by the store door, and walk toward their car. He saw appellant open the trunk and transfer some material, which appeared to be clothing, from the handbag into the trunk. A suitcase was seen in the trunk. When the police arrived Mr. Nichols went to the door of the store and there pointed out appellant and his wife, who at that time were walking across the parking lot. As they were approaching the automobile they were arrested near the automobile by two uniformed officers. Appellant was asked if he would mind opening the trunk of his automobile. Without answering, he opened it with his key. Inside there was a suitcase, in which a Susan Thomas dress, aqua color, size 16, and two pairs of men's trousers were found. The dress, brought back to the store and there seen by Ina Adams, was checked out by her to the police. Marked Exhibit 3, and identified in court as one of the Susan Thomas dresses in stock at Macy's, it was the same dress turned over to the police department, according to Miss Adams. At the police station Mr. Nichols saw and identified the clothing items as the property of Macy's, and testified that each pair of trousers had a market value of $17.98.

This evidence was sufficient to make a submissible case of stealing property of the value of over $50. Eyewitnesses saw appellant and wife steal the identified trousers, worth $35.96. There is ample circumstantial evidence that they stole the identified dress, worth $40. It does not disclose two crimes committed at different times, as appellant contends, but demonstrates one continuous transaction (the theft of two pairs of men's trousers and a ladies' dress) arising out of a series of events interconnected both in time and place.

■ Appellant asserts error in overruling appellant's objection and motion to strike the answer of Ina Adams when asked "Did you make any sales of that particular item to anyone?" She answered, "No, not at all." Then she added, "There were no forty dollar sales that day." It is objected that the latter part of the answer was voluntary and not responsive to the question and that its "impact" was that no such sales had in fact been made. The court did not err in its ruling. The answer, while voluntary and not strictly responsive, was generally corroborative of her other testimony.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER and STORCKMAN, JJ., and HOLMAN, Alt. J., concur.

HENLEY, P. J., not sitting.