**STATE of Missouri, Respondent,**

v.

**Hubert Monroe MORRIS, Appellant.**

**No. 54386.**

Supreme Court of Missouri,
Division No. 2.

June 8, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

Alan G. Kimbrell, Clayton, for appellant.

HENLEY, Judge.

Hubert Monroe Morris appeals from a judgment sentencing him to imprisonment for a term of eighteen years in the custody of the Department of Corrections upon his conviction by a jury of the charge of first degree robbery. Sections 560.120 and 560.135, RSMo 1959, V.A.M.S. We affirm.

Defendant Morris does not question the sufficiency of the evidence to support his conviction; hence, a brief statement of the facts will suffice. The state's evidence is as follows. Shortly after nine o'clock P.M., on March 7, 1968, two negro men, one armed with a revolver, entered the Quick Shop at 1923 North Hanley Road in St. Louis county, Missouri, pointed the gun at and threatened to shoot Jerome Link, and took from Link and Robert Murphy, employees in charge of the Quick Shop, approximately $200 and thirty cartons of cigarettes, property of their employer. Mr. Murphy identified defendant as one of the two robbers. Defendant was apprehended fleeing from the scene in an automobile a short distance from the Quick Shop and within a few minutes after the robbery.

Defendant did not testify. His witness, Lamar Houston, testified that he met defendant in front of a pool room in Kinloch near seven o'clock P.M., on a date he could not remember; that he and an acquaintance named Earl agreed to take defendant to St. Louis in Earl's car for $2; that en route to St. Louis they were stopped on St. Charles Rock Road by the police at about 7:15 or 7:30 P.M., and defendant was arrested.

Defendant briefs two points on appeal. The first is that the court erred in giving instruction number 3, an alibi instruction, because, he says: (1) it refers to alibi as a defense, whereas it is not a defense; (2) the word "alibi" as used in the instruction has a connotation unfavor-

able to the defendant; and, (3) the effect of the word "interposed" as used in the instruction is a disparaging comment on his evidence. For substantially the same instruction, see: State v. Mooring, Mo., 445 S.W.2d 303, at l. c. 307. The same attack made on the instruction in the instant case was made and rejected in State v. Coleman, Mo., 441 S.W.2d 46, at l. c. 52. We adhere to the reasons stated there for rejecting these attacks.

 The first part of the second point briefed is that the court erred in giving instruction number 2, containing the following as its second paragraph: "The law presumes the defendant to be innocent, and this presumption continues until it has been overcome by evidence which proves his guilt beyond a reasonable doubt; and the burden of proving his guilt rests with the State."

Defendant contends that this instruction is erroneous, because it limits the duration of the presumption of innocence to the point in the trial where the state's evidence becomes "proof beyond a reasonable doubt," and fails to inform the jury that the presumption remains with him beyond that point and throughout the trial. This contention was raised and rejected in State v. Wiley, Mo., 442 S.W.2d 1, 2 [2], where substantially the same instruction was given. We adhere to the reasons stated in *Wiley* for rejecting this contention.

The second part of the second point is that the court erred in overruling his objection to " * * * the Prosecutor's interpretation thereof [the above-quoted paragraph of instruction number 2] in final argument." The only part of the state's argument referred to in his brief is this one sentence: "The presumption goes all the way from the beginning of the trial to the end of it today." He does not state wherein or how the court erred in overruling his objection, and we discern no error. Moreover, this portion of the argument is consistent with what defendant contends the instruction should have said.

The judgment is affirmed.

All of the Judges concur.