STATE of Missouri, Respondent,

v.

William Henry SOCKEL, Jr., Appellant.

No. 55736.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

S. Richard Beitling, and William S. Ferguson, Jr., Kansas City, for appellant.

LAURANCE M. HYDE, Special Commissioner.

Defendant was convicted of stealing a motor vehicle and sentenced to five years in the custody of the Department of Corrections as fixed by the jury. We have jurisdiction because notice of appeal was filed in this court prior to January 1, 1972. We affirm the judgment of conviction.

The State's evidence was that Ru Sheng Tzeng parked his Ford car about midnight by an apartment building in Columbia on August 16, 1969, taking the keys with him. His car was gone when he left the building about 4:00 a.m. Mr. Tzeng, a Chinese National from Formosa, was living in Columbia attending the University of Missouri. The car was found later that night at the Columbia Ramada Inn by a Columbia police officer, F. P. Holmes, who was directed to go there because of a suspicious person seen there wearing a mask. Officer Holmes, who was nearby, went there and arrested defendant. He said when he arrived at Ramada he saw the Ford moving from the front door of Ramada. He turned his spotlight on it as it turned north on the parking lot. When the Ford stopped he stopped about ten feet behind it. He saw defendant get out of the Ford, go in front of it and make a pitching motion with his arms. Another officer, Garrison, then arrived. They found a hat, a mask, and gloves on the ground in front of the Ford. There was a set of master keys in the Ford one of which would operate it. The license plate which Mr. Tzeng had on the car was found under the front seat and there was another different license plate on the Ford.

▪ Defendant says his motion for a judgment of acquittal should have been sustained because the venue was never established in Boone County, Missouri. However, the evidence was that Mr. Tzeng left his car by an apartment near the Med-ical Center in Columbia. On the question of venue this court will take judicial notice that Columbia is located in Boone County as are the highways mentioned by Officer Holmes in giving his course to Ramada. State v. Johnson, Mo.Sup., 461 S.W.2d 724, 725; State v. Garrett, Mo.Sup., 416 S.W. 2d 116, 118, and cases cited.

▪ Defendant also claims error in requiring the trial to proceed on January 20, 1970, saying defendant had insufficient time under the circumstances to prepare a defense and that the record reflects physical and perhaps mental incapacity of defendant to aid in his defense. The indictment was filed September 8, 1969, arraignment was continued at defendant's request on September 22 and on October 27. Defendant appeared in person and by counsel on November 24 waived formal arraignment and entered a plea of not guilty. No written motion for continuance was filed although the date of the trial had been set almost two months previously. Defendant is represented by new and different counsel on this appeal. On the record before us we can find no error in refusing a continuance.

It seems from the statement of defendant's attorneys that defendant had some kind of an injury in an automobile accident. It appears arraignment was delayed because defendant was hospitalized. Andrews v. United States, 9th Cir., 403 F.2d 341, is cited but that involved mental competency to stand trial by showing a brain injury. There is no showing concerning what injuries defendant may have sustained as the basis of his claim for continuance but his brief says it was not for mental reasons. One of the complaints in defendant's brief is the failure of his trial counsel to file a written motion for continuance on the ground of defendant's physical condition. Defendant's present counsel raise other matters to claim ineffective assistance of trial counsel, such as failure to object to statements made in the argument of the prosecuting attorney to the jury and failure to file a motion for a bill of partic-

ulars. We have held that similar claims would not be heard as an issue on direct appeal from the trial judgment but must be raised in a 27.26, V.A.M.R., proceeding. State v. Bibbs, Mo.Sup., 461 S.W.2d 755, 761; State v. Blackwell, Mo.Sup. en Banc, 459 S.W.2d 268, 269; State v. Cluck, Mo. Sup., 451 S.W.2d 103, 106. The record before us is not sufficient to pass on these claims on this appeal.

■ Defendant claims error in allowing exhibit 3 (face mask) and exhibit 4 (pistol) to be exhibited to the jury. At the beginning of the trial (before the opening statement) defendant's counsel asked that all exhibits be removed from the counsel table and from the view of the jury until entered in evidence. The court ordered that they be kept on the floor which was done after they were marked for identification. Objections to receiving the pistol and mask in evidence were made and sustained out of the presence of the jury. Previously during the direct examination of Mr. Tzeng the mask and pistol were shown to him and he was asked if they were in the car when he parked it on the night of August 16. He said they were not. On objection of defendant to this, the prosecuting attorney said: "We will connect these up" and the court ruled: "Subject to their being connected the objection will be overruled." Defendant's counsel moved for a mistrial which the court denied. Further evidence about the mask came in through the testimony of Officer Holmes who was called to Ramada because of a man there wearing a mask. He saw the defendant drive from the front of Ramada into the parking lot where he saw him get out of the Ford and throw objects in front of it, including gloves and a hat (defendant makes no point about admitting them in evidence) and the mask. Officer Holmes said defendant denied that he had been in the Ford but said he had come to the parking lot on foot up a steep bank in front of where the Ford was stopped. Thus the mask as well as the other articles thrown away with it tended to connect defendant with the theft of the Ford by showing his occupancy and operation of it. Although the mask was not admitted in evidence we hold it was not error to receive the testimony concerning it.

It does not appear where the pistol was found and it was not offered in evidence. No reference was made to it after Mr. Tzeng was asked about it and it does not appear that the jury ever saw the pistol again. Because it was not thereafter connected with the car theft the court later ruled that it was not admissible. The pistol was not mentioned in either the opening statement or closing argument of the prosecuting attorney.

Defendant cites State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920; State v. Reese, 364 Mo.Sup. 1221 en Banc, 274 S.W.2d 304; State v. Atkinson, Mo.Sup., 293 S. W.2d 941; State v. Griffin, Mo.Sup., 336 S.W.2d 364. These are cases where evidence of other crimes was admitted. In Shilkett (204 S.W.2d l. c. 923) previous illegal acts of the defendant therein, on the same day of the offense for which he was convicted, were held admissible to show his intent in a shooting for which he was convicted of manslaughter. In Reese (274 S. W.2d l. c. 307), it was held error to admit evidence of a separate offense, a robbery prior to the murder for which defendant was being tried. Reese recognized that evidence of other crimes is competent to establish motive, intent and identity. The State claimed its purpose was to show identity but it was held error to admit details of a separate and distinct crime for that purpose. In Atkinson (293 S.W.2d l. c. 943) in which the defendant was convicted of sodomy it was held error to admit evidence of acts of sodomy committed by defendant at other times with other persons. In Griffin (336 S.W.2d l. c. 367) in which defendant was convicted of second degree murder, it was recognized that other offenses could be received to connect and identify defendant with the offense on trial but held this is not proper where his identity is established by other evidence.

A situation more like the one in this case is found in State v. Posey, 347 Mo. 1088, 152 S.W.2d 34, where defendants were convicted of second degree murder. There the prosecuting attorney in his opening statement flourished "a big club before the jury * * * telling them it had blood stains on it and that it was found at the scene of the homicide." The club was not introduced in evidence although the coroner testified he had turned a club over to the sheriff. We said (152 S.W.2d 1. c. 40): "[T]he trial court must rely on the good faith of the prosecutor in stating what he expects to prove; and has a large measure of discretion in determining afterward whether he was actuated by proper motives. * * * There is nothing indicating the prosecutor acted in bad faith. * * * We * * * feel constrained to abide by the trial court's discretionary ruling." Recent cases in which the United States Circuit Court of Appeals has found no prejudicial error, where guns not admitted in evidence were placed where the jury could see them, are: Gay v. Graham, 10th Cir., 269 F.2d 482, 486; United States v. Sears, 7th Cir., 332 F.2d 199, 201; Edwards v. United States, 8th Cir., 333 F.2d 588, 590; see also Pittman v. State, Tex. Cr.App., 438 S.W.2d 808; and an annotation 46 A.L.R.2d 1423, 1436, cites many cases (including eight Missouri cases) holding not prejudicial the exhibition by the prosecuting attorney of objects not introduced in evidence. (This annotation also lists cases where such exhibition was held prejudicial, 46 A.L.R.2d 1. c. 1428.) As noted, in this case, the court ordered the pistol and other exhibits kept on the floor so "they wouldn't be continually exposed to the jury." As in State v. Posey, supra, we feel constrained to abide by the trial court's discretionary ruling on this issue. We also note the trial court by Instruction 3 told the jury to disregard all testimony objected to and sustained and all testimony ordered stricken.

Defendant also claims error in giving Instruction No. 7 which was as follows:

"The indictment contains the mere formal statement of the charge, but it is not to be taken as any evidence of defendant's guilt.

The law presumes the defendant to be innocent, and this presumption continues *until* it has been overcome by evidence which establishes his guilt to your satisfaction and beyond a reasonable doubt; and the burden of proving his guilt rests with the State.

If however, this presumption has been overcome by the evidence and the guilt of the defendant established beyond a reasonable doubt, your duty is to convict.

If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you *should* acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence."

■ Defendant claims the words we have underlined make the instruction erroneous. Defendant says the use of "until" would indicate to a layman that the prosecution will overcome the presumption of innocence. Defendant also says "shall acquit" ought to be stated instead of "should acquit." The use of "until" has been approved in State v. Morris, Mo.Sup., 454 S.W.2d 570, 571; State v. Wiley, Mo.Sup., 442 S.W.2d 1, 2; see also State v. Reese, supra, 274 S.W.2d 1. c. 308, where a similar claim about the word "ought" was said to be "hypercritical." We think this is also true of the claim about "should." See State v. Coleman, Mo.Sup. en Banc, 460 S.W.2d 719, 728; State v. Mooring, Mo. Sup., 445 S.W.2d 303, 307; State v. Durham, Mo.Sup., 418 S.W.2d 23, 31.

■ Finally defendant says "women are systematically and purposefully excluded from the venire" in Boone County, citing State v. Smith, Mo., 467 S.W.2d 6, holding the panel in that case was improperly selected. The trial in that case began April 18, 1967. The trial in this case began January 20, 1970. Defendant admits he did

not object to the venire or to the jury panel. As stated in State v. Brownridge, Mo. Sup., 459 S.W.2d 317, 318: "There is nothing in this record to show how the venire was selected. The suggestion of systematic exclusion was never raised in the trial court by motion to quash the venire, oral objection to proceeding to trial, in the motion for new trial, or otherwise. No evidence was offered to demonstrate unlawful composition of the panel based upon systematic exclusion. The point therefore has not been preserved for appellate review." No such claim has been preserved for appellate review in this case.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE HYDE, Special Commissioner, is adopted as the opinion of the court.

HOLMAN, P. J., and BARDGETT, J., concur.

SEILER, J., concurs in result for reasons stated in separate concurring opinion in State v. Davis, Mo.Sup., 482 S.W.2d 486, 489–490.