**STATE of Missouri, Respondent,**

v.

**Eddie Lee JOHNSON, Appellant.**

**No. KCD 26342.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

F. C. Cline, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

This is an appeal from a conviction by a jury for robbery in the first degree and a sentence of ten years. Appellant asserts two points on appeal. The first is that he was prevented from exercising his right to testify by the court's acceptance of an equivocal waiver of that right. The second point claims he was deprived of the effective assistance of counsel by his attorney's failure to file a motion for new trial and by his failure to adequately advise appellant of his right to testify.

■ A review of the record discloses that the first point is without merit. Appellant clearly waived his right to testify by stating his understanding of his rights and his desire to not exercise them. While a segregated single statement, if read out of context with other statements made by the appellant, might not appear grammatically unequivocal, such statement clearly showed that his intent was to waive the right to testify and when the segregated single statement is read in context with all the other statements covering the waiver it clearly shows that he did not make an equivocal waiver but made an unequivocal waiver.

■ The appellant's second point may not properly be reviewed on this direct appeal because the facts necessary to review the question of the lack of effective assistance of counsel were not sufficiently developed. State v. Cluck, 451 S.W.2d 103 (Mo.1970). A more detailed record of the actions about which appellant complains is needed for an adequate review. The record on a direct appeal is rarely sufficient to pass on a claim of ineffective assistance of counsel and it is for this reason that such claims are usually relegated to 27.26 proceedings. State v. Bosler, 432 S.W.2d 237 (Mo.1968); State v. Cluck, supra; State v. Sockel, 485 S.W.2d 393 (Mo.1972).

The verdict was supported by substantial evidence, and no error appears from the record. An opinion in this case would have no precedential value. Rule 84.16(b), V.A.M.R.

Judgment affirmed.