**STATE of Missouri, Respondent,**

**v.**

**Walter Lamont WILLIAMS, Appellant.**

**No. 35515.**

Missouri Court of Appeals,
St. Louis District,
Division 2.

May 14, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Ellen S. Roper, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for appellant.

Charles D. Kitchin, Public Defender, Frederick R. Buckles, John H. Marshall, Asst. Public Defenders, St. Louis, for respondent.

CLEMENS, Judge.

Defendant Walter Lamont Williams was charged with first-degree robbery by means of a dangerous and deadly weapon. He had a prior felony conviction, the jury found him guilty and the court assessed punishment at seven years. Defendant contends on appeal the evidence was insufficient to convict him of the offense

charged; fails to show he had knowledge the television found in his possession was stolen and that the weapon allegedly used was a sawed-off shotgun.

The facts: Shortly after 5:00 P.M. on November 27, 1972 defendant and two young men approached Russell Miles at his home under the guise of renting a room. Miles informed them he had no vacancy but they insisted on entering. Once inside, one of the intruders asked to use the bathroom. He returned with a rifle or sawed-off shotgun, put it to Miles' head and announced, "This is a stick up." While Miles was so restrained, defendant and the third man looted the residence. Items taken included a shotgun, revolver, radio, television, money order and cash. Miles called the police after the three had fled and described the men. Defendant was arrested about three weeks later, placed in a police lineup and identified by Miles. After defendant's arrest his mother telephoned Miles and told him she had his television, which she surrendered to him.

Defendant cites State v. Cheatham, 458 S.W.2d 336 (Mo.1970) as authority for reversing a conviction when the evidence is insufficient to connect the defendant with the crime. In that case the only evidence connecting Cheatham with the crime was the fact he was apprehended within a block of the scene. The court held this alone was insufficient to permit an inference of guilt. *Cheatham* has no application to this case.

■ Similarly, defendant cites State v. Taylor, 422 S.W.2d 633 (Mo.1968) to illustrate a reversal for insufficient evidence to support a conviction for receiving stolen property. In that case the court held the state failed to make a submissible case where there was no evidence to show actual knowledge of the stolen character of the goods received. This differs from the case at hand because here Miles saw Williams take and carry away the television that reappeared three weeks later in defendant's home.

■ Nor do we find merit in defendant's contention the evidence was insufficient to establish the type of weapon used. The information alleged defendant committed the robbery by means of a "dangerous and deadly weapon, to-wit, a shotgun." The victim testified the weapon was either a rifle or a sawed-off shotgun, both of which are dangerous and deadly weapons. The fact the information attempted to elaborate by specifically identifying the weapon as a shotgun was surplusage.

State v. Lee, 492 S.W.2d 28 (Mo.App. 1973) is a factually similar case in which the appellant also questioned the sufficiency of the evidence. In that case, the court held a jury could reasonably find the defendant personally participated in all the acts constituting the essential elements of robbery. In like manner, we conclude there was sufficient evidence here to support the jury verdict.

Judgment affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.