STATE of Missouri, Respondent,

v.

Grover Cleveland McKINNEY,
Jr., Appellant.

No. 35902.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 9, 1975.

Robert M. Kaiser, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Preston Dean, Robert M. Sommers, Asst. Attys. Gen., Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Grover Cleveland McKinney, Jr., charged by indictment with the murder of Michael Johnson and the robbery of Dorothy Johnson, was found guilty by a jury of both charges. The jury assessed his punishment at life imprisonment for the murder, but it was unable to agree on the punishment for the robbery. The trial court assessed the punishment for robbery at imprisonment for a term of twenty-five years.

A jury reasonably could find the following facts. Eddie Thomas and James Johnson (no relation to Michael Johnson) went to the home of Michael and Dorothy Johnson at 2312 LaSalle Street, St. Louis, Missouri, about 8:30 or 9:00 o'clock on the evening of February 16, 1973. They drank beer with Michael in the kitchen of the house. At approximately 9:30 o'clock appellant and Willie Williams knocked on the door of the Johnson house. Michael answered the door and an argument of some nature occurred. Dorothy was in the bedroom with her two children. She went into the hallway to see what the dispute was about and saw appellant with a gun in his hand. She had been acquainted with appellant for about eight years, and used "to go with him." She returned to the bedroom and was attempting to obtain a gun from under the bed when Williams entered the room. He was armed with a knife with a "five-inch blade, more or less," and he grabbed her by the hair and while holding on to her hair he reached under the bed and obtained the gun. Dorothy was also acquainted with Williams and had known him "from grade school." Williams asked for money, and Dorothy gave him a coin purse containing $40.00. He demanded more money, and when she refused he grabbed her oldest child by the arm and said "you love your kids, don't you." Dorothy then obtained about $400 from a footstool located in the bedroom and gave it to Williams. About this time Dorothy heard two shots and heard her husband "holler out." Someone, whom neither Eddie Thomas nor James Johnson saw, went to the kitchen and told them to "lay on the floor." Appellant entered the bedroom with a gun in his hand and told Williams to "grab some jewelry off the dresser" and to "come on." Williams grabbed "some stuff" and he and appellant "went out." Dorothy found her husband lying on the floor of the front room. He died from the effect of the gunshot wounds.

This is a companion case to *State v. Williams*, 522 S.W.2d 327 (Mo.App.1975) affirming the judgment whereby Willie Williams was found guilty of murder and robbery arising out of the above circumstances.

Appellant first contends that the trial court erred in submitting the case to the jury because (a) there was "absolutely no evidence connecting the appellant with a murder," and (b) there was no evidence that appellant "participated in or was a party to the robbery which took place at the time of the shooting."

This contention borders on the frivolous. Appellant argues that this was a circumstantial evidence case and "the circumstances must be consistent with each other and with the theory of the defendant's guilt and inconsistent with innocence," citing *State v. Burnley*, 480 S.W.2d 881 (Mo.1972). No in-

struction on circumstantial evidence was requested and none was given. The evidence in this case was not wholly circumstantial, and therefore, even if requested, such instruction was not required. Note 2, to MAI–CR 3.42. We see no occasion to encumber the reports with a repetition of the standards to establish a circumstantial case. See, for example, *State v. Aguilar,* 429 S.W.2d 754 (Mo.1968); *State v. Burton,* 357 S.W.2d 927 (Mo.1962). The statement of the evidence clearly establishes a submissible case on the murder charge, and that appellant and Williams were acting in concert as to the robbery. Appellant's first point is totally without merit.

Appellant seeks to invoke the "plain error rule" in his second point. He contends that Instruction No. 3 submitting robbery was inconsistent with the indictment because he was therein charged with robbery by means of a dangerous and deadly weapon, a "handgun," while Instruction No. 3 submitted that the robbery was committed by means of a "knife." Appellant did not object to the testimony concerning the use of a knife on the ground that it was at variance with the indictment, and he concedes that he neither objected to Instruction No. 3 for this reason nor did he raise this point in his motion for new trial.

As a general rule, an appellate court "will not consider any matter relating to instructions as 'plain error' unless the court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice, * * *." *State v. Bridges,* 491 S.W.2d 543 (Mo.1973). This did not occur in this case.

 An indictment charging first degree robbery by means of a dangerous and deadly weapon need only allege the language of the statute to be sufficient. *State v. Moore,* 347 S.W.2d 195 (Mo.1961). To commit the offense of first degree robbery as defined by § 560.120 property must be taken "by violence to his person, or by putting him in fear of some immediate injury to his person." By § 560.135 the penalty

for first degree robbery may be enhanced if the offense was committed by means of a "dangerous and deadly weapon." There is no statutory requirement that the "dangerous and deadly weapon" be defined or identified in the indictment. Therefore, the allegation in the indictment that the weapon was a "handgun" was surplusage. *State v. Kirk,* 510 S.W.2d 196 (Mo.App.1974). In this case both the indictment and Instruction No. 3 charged appellant with "putting said Dorothy Johnson in fear of immediate injury to her person," and for that reason the requirements of § 560.120 were satisfied by each. Also, the indictment and the instruction charged appellant with having committed the robbery "by means of a dangerous and deadly weapon." The evidence showed that the robbery was committed by use of a knife, but that was nothing more than proof that it was committed by a dangerous and deadly weapon, the only essential allegation in the indictment on this issue. Therefore, appellant was not prejudiced by the superfluous allegation in the indictment that the dangerous and deadly weapon was a handgun, nor was he prejudiced because the instruction unnecessarily submitted the established evidentiary fact that the dangerous and deadly weapon was a knife.

Since the trial of this case, MAI–CR 7.62 has become effective (and mandatory) as the instruction to be used in a case of first degree robbery by means of a dangerous and deadly weapon. No provision is made therein for a description of the weapon. The submission is that the defendant "by means of a dangerous and deadly weapon took the property * * *." The identification of that weapon is properly a matter of proof.

Under the circumstances, appellant was not misled or prejudiced in any way by the variance, and such variance certainly did not constitute plain error within the meaning of Rule 27.20(c).

 Appellant's next point is that he was "denied effective assistance of counsel." This is a frivolous contention.

First, appellant was represented at the trial by Mr. Dan Reardon, generally recognized as one of the most capable and experienced attorneys in the trial of criminal cases in the St. Louis area. In reference to this contention in the motion for new trial, the trial court commented that he knew of no one else "more knowledgeable in the field of criminal law," and that it was "regrettable * * * that lawyers of Mr. Reardon's status have to take [the] abuse" here presented. We agree with that observation.

Appellant recognizes that in *State v. Johnson,* 506 S.W.2d 32 (Mo.App.1974), it was stated that the record on a direct appeal is rarely sufficient to pass on a claim of ineffective assistance of counsel, but he asserts it is sufficient in this case because defense counsel, "did not adequately cross-examine the witnesses, especially regarding Eddie Thomas and James Johnson and their staying in the kitchen and not responding to the noise and threats;" that counsel "did not object to the variance in method of force between the indictment Count II, and Instruction No. 3;" and he "did not fully develop for the jury testimony that would have shown other reasonable hypotheses." This argument is not otherwise developed. The point is rejected by reason of the rule set forth in *State v. Johnson, supra,* and also on the merits when we accept appellant's contention that the record on this direct appeal is sufficient to present the issue.

■ Appellant's final contention is that the trial court erred in permitting the rebuttal testimony of Donnell Whitfield because it "did not tend to explain, counteract, repel, or disprove any of defendant's testimony or evidence."

Appellant elected to testify, and he stated that he knew both Michael and Dorothy Johnson and had known them for about eight years; that he went to their house on the evening of February 16, 1973 to purchase some "reefers," or marijuana; that he did not shoot Michael Johnson; and that after he made the purchase he went to his "lady's house" at 5889 Maffit where he was arrested on April 4.

After the close of the appellant's evidence the State offered rebuttal testimony, as stated by the circuit attorney, to show the circumstances of the arrest about which appellant had testified. He further stated that appellant's testimony gave "the impression that it was a simple arrest and nothing further," and that he wanted the arresting officer to testify in rebuttal "as to how the arrest occurred." Appellant's objection was overruled.

Officer Whitfield then testified on rebuttal that he and four other officers went to 5889 Maffit Street and identified themselves as police officers, and that while talking to a person who identified herself as appellant's wife, appellant attempted to flee the building by going through a trap door to the roof.

"Any competent testimony that tends to explain, counteract, repel or disprove evidence offered by defendant may be offered in rebuttal of the defendant's testimony or evidence. * * * The scope of rebuttal testimony is largely within the sound discretion of the trial court, and unless the court abuses its discretion, or the defendant's rights are prejudicially affected, an appellate court will not reverse on that ground even though the rebuttal testimony may not, strictly speaking, be proper rebuttal testimony. *State v. Williams,* 442 S.W.2d 61, 65 (Mo. banc 1969). In this case, evidence that at the time of his arrest appellant attempted to flee from the officers was material and competent, and such evidence could have been shown by the prosecution in the presentation of its case in chief as a circumstance to be considered by the jury. *State v. Woodard,* 499 S.W.2d 553, 556 (Mo.App.1973); *State v. Kilgore,* 447 S.W.2d 544 (Mo.1969). The State apparently elected not to present this testimony in its case, but when the appellant testified in such a manner so as to give the impression that his arrest was a casual af-

fair without incident, the State elected to explain or counteract such testimony of appellant, which it was entitled to do. Clearly, there was no abuse of discretion on the part of the trial court in permitting the rebuttal testimony of Officer Whitfield.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.