STATE of Missouri, Respondent,

v.

Eddie Lee JOHNSON, Appellant.

No. KCD 28341.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Terry Brummer, Asst. Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Eddie Lee Johnson was convicted of robbery first degree, Section 560.120, RSMo 1969. The jury was unable to agree on the punishment and the court thereafter imposed a term of ten years. On direct appeal to this court the conviction was affirmed. *State v. Johnson*, 506 S.W.2d 32 (Mo.App. 1974).

Johnson thereafter filed a motion pursuant to Rule 27.26 and following a hearing thereon, the court vacated the judgment and sentence originally imposed. The court found Johnson was entitled to relief because of the failure of his original counsel to file a motion for a new trial. Following the vacation of the judgment and sentence, the court allowed Johnson's present attorney time within which to file a motion for a new trial. That motion was filed and by the court overruled and this appeal follows.

The sole ground asserted is error in allowing the prosecuting attorney to comment on the range of punishment in the rebuttal portion of his closing argument without commenting on punishment in the first part of his closing argument. Affirmed.

In the rebuttal portion of his final argument, the prosecuting attorney stated: "Under our statute the minimum is five years, the maximum is life. You can assess a penalty anywhere in that range between five years and life." No objection was made when this statement was made and no action was requested from the trial court. The matter was raised for the first time on the motion for a new trial.

It was held in *State v. Stephens*, 507 S.W.2d 18, 22[7] (Mo. banc 1974) in a contention similar to the one made in this case, that no relief could be granted when no objection was made at the time the argument was given and when there was no request that the defendant be granted an opportunity for rebuttal to the argument which is contended to have been beyond the scope of the opening portion of the prosecutor's argument. By failing to object or to request an opportunity to make a rebuttal argument, no relief can be granted at this time.

Furthermore, an argument very similar to the argument complained of here was held in *State v. Maxie*, 513 S.W.2d 338 (Mo.1974) not to amount to an argument for any particular punishment. The court in that case denied relief and distinguished the cases upon which Johnson relies on this appeal.

In addition to the above reasons, the court in *State v. Eaton*, 504 S.W.2d 12, 22[20] (Mo.1973) stated: "In any event appellant could not have been prejudiced because the jury could not agree on the punishment, which was fixed by the judge." The court there was considering an argument identical to the one made by Johnson in this case.

For the foregoing reasons the judgment is affirmed.

All concur.