Henry Earl HENDERSON,
Movant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 38265.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 25, 1977.

Herbert A. Kasten, Jr., Huck, Kasten & LaBeaume, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., George A. Peach, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion to vacate judgments and

sentences for second degree murder and assault to kill without malice. The jury trial convictions for these offenses were affirmed on direct appeal. *State v. Henderson*, 510 S.W.2d 813 (Mo.App.1974).

Movant's sole contention is that the trial court was clearly erroneous in denying his Rule 27.26 motion because the original trial court lacked subject matter jurisdiction due to a fatal variance between the indictment and proof with respect to the murder charge in Count I. Count I of the indictment charged that movant "feloniously, willfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did make an assault upon one EARLY LASHLEY with a loaded shotgun and then and there, feloniously, willfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did discharge said shotgun at and upon the body of the said EARLY LASHLEY, thereby feloniously inflicting a mortal wound upon the said EARLY LASHLEY, from which said mortal wound EARLY LASHLEY did die on June 24th, 1972, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State." The evidence showed that the fatal shot was inflicted by a bullet from a .38 caliber pistol.

 Jurisdictional questions may be raised at any time. *Brown v. State*, 452 S.W.2d 176, 179[9] (Mo.1970). Sufficiency of the indictment is a jurisdictional question, *State v. Davis*, 510 S.W.2d 790, 792[3] (Mo.App.1974), which can be raised for the first time in a Rule 27.26 proceeding. However, movant does not attack the sufficiency of the indictment.[1] He only raises the question of the variance between the indictment and proof. This is not a jurisdictional question and cannot be raised for the first

time in a Rule 27.26 proceeding. It must be brought to the attention of the original trial court and if ruled on adversely to defendant it may then be raised on direct appeal. *State v. Mathews*, 328 S.W.2d 642, 645[4] (Mo.1959); *State v. Dobson*, 303 S.W.2d 650, 651[2] (Mo.1957), cert. denied, 355 U.S. 964, 78 S.Ct. 554, 2 L.Ed.2d 539 (1958); *State v. Yearwood*, 510 S.W.2d 43, 44[1] (Mo.App. 1974); *State v. Boone*, 490 S.W.2d 318, 322[5] (Mo.App.1973).

Because this was a matter which should have been submitted to the court at time of trial and upon failure to grant relief, preserved as a contention on direct appeal, we may not entertain it on appeal in a Rule 27.26 proceeding. Rule 27.26(b)(3).

The judgment denying the motion is affirmed.

DOWD and CLEMENS, JJ., concur.

---

1. If movant were raising this point it would be without merit because the indictment here included all necessary elements of murder under § 559.010, RSMo.1969, the applicable statute at the time of the offense and trial. It fully informed movant of the offense for which he was charged. *See Rayford v. State*, 504 S.W.2d 285, 290[5] (Mo.App.1973). Naming the type of weapon involved was surplusage. *State v.*

*McKinney*, 528 S.W.2d 1, 3 (Mo.App.1975); *State v. Kirk*, 510 S.W.2d 196, 201 (Mo.App. 1974); *State v. Williams*, 510 S.W.2d 63, 64[2] (Mo.App.1974). A variance with respect to this type of superfluous allegation is not material. Rule 26.04; *State v. McKinney, supra* at 3[3]; *State v. Johnson*, 457 S.W.2d 795, 799[7] (Mo.1970).