Edward GRIGGS, Jr., Petitioner-Appellant,

v.

SUPERINTENDENT, ANCHORAGE STATE JAIL, and State of Alaska, Respondents-Appellees.

No. 72-1726.

United States Court of Appeals, Ninth Circuit.

Nov. 7, 1972.

**88**

H. John DeNault, III, John S. Hedland, of Rice, Hoppner, Blair & Hedland, Michael L. Rubinstein, Anchorage, Alaska, for petitioner-appellant.

Stephen G. Dunning, Asst. Dist. Atty. (argued), Seaborn J. Buckalew, Jr., Dist. Atty., of Alaska, John E. Havelock, Atty. Gen., Anchorage, Alaska, for respondents-appellees.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Griggs appeals from the denial of a writ of habeas corpus which he sought to prevent his extradition from Alaska to California. The sole issue is whether the district court erred in dismissing the petition without an evidentiary hearing in violation of 28 U.S.C. § 2254(d)(3).

Griggs alleged in his petition that a six-month delay in extradition denied him due process of law, and now contends that the state court hearing did not adequately develop the facts material to this issue. However, the facts at the state court hearing were not in dispute, and Griggs did not allege any additional facts in his federal petition indicating

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

that he was prejudiced by the delay. *Cf.* United States v. Marion, 1971, 404 U.S. 307, 325–326. In such circumstances, the district court was justified in concluding that an evidentiary hearing would serve no purpose. Rainsberger v. Fogliani, 9 Cir., 380 F.2d 783, 785.

Moreover, Griggs' counsel, in the state proceeding, specifically agreed to the state court's factual findings and declined an opportunity to request additional findings. *See* Townsend v. Sain, 1963, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed. 770.

Affirmed.