**STATE of Missouri, Respondent,**

v.

**Hubert Monroe MORRIS, Appellant.**

No. 57641.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Vincent E. Hartigan, Jr., St. Louis, for appellant.

STOCKARD, Commissioner.

By notice filed prior to January 1, 1972, Hubert Monroe Morris, appealed from the judgment entered pursuant to jury verdict whereby he was found guilty of robbery in the first degree by means of a dangerous and deadly weapon. The sentence was imprisonment for a term of twenty-five years.

Appellant contends that the court erred in refusing his motion for judgment of acquittal because the State failed to prove his guilt "beyond a reasonable doubt." In reviewing the evidence for the determination of this contention we consider it in the light most favorable to the State, and evidence and inferences to the contrary are rejected. State v. Hughey, 404 S.W.2d 725 (Mo. 1966).

A jury reasonably could find that on December 18, 1969, a person entered the

Gateway National Bank of St. Louis, went to Deanna Long, a teller at the bank, and displayed a gun and told her to hand him "small bills." Pursuant to his demand Deanna Long handed the person $2,500, consisting of four packs of ten dollar bills and two packs of five dollar bills. Appellant's contention is directed primarily to an alleged lack of sufficient evidence of identification that appellant was that person.

■ Deanna Long testified that appellant stood in the line at her window for about ten minutes, that he was at her window or teller cage for about fifteen or twenty seconds, and that he wore a dark trench coat and an Ivy League cap. She stated that she had previously seen him in the bank. She made an in-court identification of appellant as the person who robbed her. Elaine Watts, another teller at the bank, made an in-court identification of appellant as the person who committed the robbery, and she testified that she observed him in the line at the teller window for five or ten minutes. Florence Hill, a customer, testified that she stood behind appellant in the line for two to five minutes before she moved to a line in front of another window. She stated that while observing him in the bank she had only a side and back view, but she made an in-court identification of appellant as the person in the line ahead of her. All three witnesses testified without objection that they previously had identified appellant in a lineup.

Appellant argues that Deanna Long only saw the robber for 15 to 20 seconds at the time of the robbery and that was "not an adequate amount of time to establish a positive identification." He argues that Mrs. Watts was "confused" in her testimony, and that Mrs. Hill was in a hurry and "her interest was more getting to a faster window than in viewing the person in front of her in the line." The observation of appellant by Deanna Long was not limited as appellant asserts, and we do not consider that the testimony of Mrs. Watts was con-

fused. In any event, these were matters the jury were entitled to consider in weighing the evidence on the issue of identification, but it cannot be said that as a matter of law the evidence was not sufficient to support the verdict.

Appellant also asserts that the court erred in overruling his motion to dismiss "for failure to grant a speedy trial."

An indictment, in which appellant was charged with robbery in the first degree by means of a dangerous and deadly weapon, was filed on July 21, 1970. Apparently appellant was not arraigned on this indictment until April 20, 1971. The record does not disclose the reason for this delay, but it is alleged in appellant's motion to dismiss that "during this entire time [he] was incarcerated in the State Penitentiary * * * [and] was available for arraignment * * * and the State of Missouri knew where he was." On May 12, 1971, a substitute information in lieu of indictment was filed which charged the same offense and also charged three prior convictions. On September 29, 1971, appellant filed a Motion to Dismiss on the basis that he had been denied a speedy trial in violation of the Sixth Amendment, Constitution of the United States. He does not allege, nor does he argue, that he was entitled to discharge pursuant to any statute. See, for example, State v. Harper, 473 S.W.2d 419 (Mo. banc). No express ruling on this motion is shown, but trial was started on November 2, 1971.

Appellant argues that he was not informed of the indictment "until the latter part of April, 1971, when he was arraigned," which was almost ten months after the indictment was returned and sixteen months after the commission of the offense with which he was charged. He further asserts that "he should have been informed of the charges in June, 1970" (although as noted the indictment was not filed until July 21, 1970), and that the delay *prior to arraignment* denied him his right to a speedy trial.

Appellant's contention is that he did not know, at least officially, with what he was charged until arraignment, and that this delay in arraignment hindered him in his defense. The constitutional guaranty upon which he relies is that of a speedy trial, not arraignment, but a delay in arraignment could be a factor in determining whether a speedy trial was had.

An accused's right to a speedy trial by reason of the Sixth Amendment to the United States Constitution is applicable to the States. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), and the policy underlying the right to a speedy trial is (1) to prevent undue and oppressive incarceration prior to trial; (2) to minimize the anxiety and concern accompanying public accusation; and (3) to limit the possibility of an impairment of an accused's ability to defend himself. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969). In this case appellant was taken into custody on June 18, 1970, and the indictment was returned on July 21, 1970. Appellant's trial started about 16½ months after he was taken into custody.

In Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972) the court adopted a balancing approach on an individual case basis for the determination of whether an accused has been denied a speedy trial, and it was held that the factors to be considered were: (1) the length of the delay, (2) the reason for the delay, (3) whether the accused asserted the right to a speedy trial, and (4) the prejudice to the accused.

In this case the delay from the time appellant was taken into custody was a little more than 16 months, but it was only a little more than six months after arraignment. This period of time prior to trial does not of itself show a denial to a speedy trial. See, for example, Barker v. Wingo, supra, where the delay was more than sixty months; United States v. Ewell, supra, where the delay was nineteen months; and Hodges v. United States, 408 F.2d 543 (8th Cir. 1969) where the delay was twenty months.

As noted, the reason for the delay does not appear in the record, except that during such time appellant was in the penitentiary, apparently for another crime. A delay in the trial for that reason would not result in an oppressive pretrial incarceration, and appellant makes no showing that while in the penitentiary for another crime he sustained undue anxiety and concern resulting from the accusation in this case. There was no request for trial. The only showing is that approximately a month prior to trial a motion was filed, not that a trial be had, but that the charge be dismissed.

Appellant's only claim of prejudice was that the delay of sixteen months "require[d] him to recall where he was approximately sixteen months prior to the time he was informed of the charges." Of course, he was informed of the charges at the time of arraignment, which was six months earlier. We note that appellant does not contend that because of the delay he could not "recall where he was" but only that he was required to so recall after the delay. He did not testify at his trial, but he did offer two witnesses who testified that he was at a place other than the Gateway National Bank of St. Louis at the time of the robbery.

As stated in Beavers v. Haubert, 198 U. S. 77 at p. 87, 25 S.Ct. 573, at p. 576, 49 L.Ed. 950 (1905), "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." An overzealous application of the "unsatisfactorily severe remedy of dismissal," Barker v. Wingo, supra, would infringe "the societal interest in trying people accused of crime, rather than granting them immunization because of legal error." United States v. Ewell, supra. What constitutes the denial of a speedy trial con-

trary to the constitutional protection cannot be "quantified into a specified number of days or months," Barker v. Wingo, supra, and when we apply the standards of the "balancing test" set forth in the Barker case we conclude that appellant has not established a denial of his constitutional right to a speedy trial.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.