**Hubert M. MORRIS, Appellant,**

v.

**D. W. WYRICK, Warden, Appellee.**

**No. 74–1899.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1975.

Decided May 14, 1975.

Bruce P. Robert, Clayton, Mo., for appellant.

Robert Presson, Asst. U. S. Atty., Jefferson City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

Hubert M. Morris, a Missouri state prisoner, appeals from the denial by the district court[1] of his petition for a writ of habeas corpus. We affirm.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

On July 21, 1970, an indictment was filed in state court charging Morris with first degree robbery by means of a dangerous and deadly weapon. The incident underlying this charge was the robbery of the Gateway National Bank of St. Louis on December 18, 1969. Morris was incarcerated in Missouri serving his sentence on another conviction when the indictment was filed, but he was not informed of the new charge against him until April 20, 1971, when he was formally arraigned and pleaded not guilty. On May 12, 1971, a substitute information in lieu of indictment was filed which charged the same offense and also charged three prior convictions for purposes of Missouri's habitual criminal statute. Some five months after the arraignment, on September 29, 1971, Morris filed a motion to dismiss on the basis that he had been denied his federal constitutional right to a speedy trial. No express ruling on this motion was ever made by the state trial court. However, Morris' trial commenced on November 2, 1971.

At the trial the state produced three eyewitnesses to the crime who positively identified Morris as the perpetrator. The defense, on the other hand, put on two alibi witnesses who testified that Morris had been elsewhere at the time of the robbery. Morris himself did not take the stand, apparently on the advice of his attorney that if he did so, the state would utilize his prior convictions to impeach him on cross-examination. The jury returned a guilty verdict, and Morris was sentenced to 25-years imprisonment to be served consecutively to the sentence in any other cause.

An appeal was taken to the Missouri Supreme Court in which Morris challenged the sufficiency of the evidence and asserted error in the trial court's failure to grant his motion to dismiss because of denial of a speedy trial. The conviction was affirmed. State v. Morris, 501 S.W.2d 39 (Mo.1973).

Having exhausted his state remedies regarding the speedy trial claim, Morris petitioned the federal district court seeking habeas corpus relief. The matter was referred to a United States magistrate who reviewed the record and recommended that the petition be denied. The district judge concurred in this recommendation and dismissed the petition without holding an evidentiary hearing.

On appeal Morris again raises the claim that he was denied his sixth amendment right to a speedy trial. Additionally, he asserts that the district court erred in not granting him an evidentiary hearing.

I.

In Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), the Supreme Court discussed in some detail the manner in which a court must evaluate a speedy trial claim. The

Court recognized that each case needs to be approached on an *ad hoc* basis, and it identified four factors to be utilized by the courts to make a balancing test in each instance: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (Footnote omitted.)

■■ The first factor, length of delay, acts as a triggering mechanism for further inquiry into the speedy trial allegation. Barker v. Wingo, *supra*, 407 U.S. at 530, 92 S.Ct. 2182; Arrant v. Wainwright, 468 F.2d 677, 680 (5th Cir. 1972), cert. denied, 410 U.S. 947, 93 S.Ct. 1369, 35 L.Ed.2d 613 (1973). Here the gap of approximately 15½ months from indictment to trial must be considered presumptively prejudicial so as to require further consideration of Morris' claim. However, we do not consider the delay so inordinately lengthy as to automatically weigh heavily against the state. *See* Barker v. Wingo, *supra*, (five-year delay—no denial of speedy trial); United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966) (19-month delay—no denial of speedy trial); United States v. Roemer, 514 F.2d 1377 (2d Cir. 1975) (56-month delay—no denial of speedy trial); United States v. Skillman, 442 F.2d 542, 557 (8th Cir.), cert. denied, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971) (20-month delay—no denial of speedy trial).

The record does not reveal the reason for the delay in this case. The Missouri Supreme Court surmised that it was because Morris was already in the penitentiary. State v. Morris, *supra*, 501 S.W.2d at 41. However, this does not explain the delay, since it would mean that Morris was readily available for trial.

Morris contends that the state delayed in order to finalize a previous conviction which was then on appeal. He asserts that this was done so that that conviction could be used against him if he took the stand in his own defense. This claim is patently frivolous. The state already had at least four prior robbery convictions with which to impeach Morris. It hardly needed to delay to get one more.

One of Morris' robbery convictions which was on appeal was affirmed on June 8, 1970, State v. Morris, 454 S.W.2d 570 (Mo.1970), while Morris was not identified by the eyewitnesses to the instant crime until a police lineup was held on June 18, 1970.

One other appeal was pending from a conviction for operating a motor vehicle without the owner's permission when the indictment was filed. This conviction was upheld, but the case was remanded for a hearing on prior convictions for purposes of sentencing under the Missouri Second Offender Act on November 9, 1970. State v. Morris, 460 S.W.2d 624, 630 (Mo.1970). However, there still is no reason to believe that the state delayed until after this appeal was decided for the reason alleged by Morris, because it had the other convictions for robbery, both recent and old, with which to attempt to impeach Morris, should he testify in his own defense.

■ Before the district court the state argued that the delay was probably caused by overworked prosecutors and overloaded courts. Again, there is no support in the record for this contention. And, even if there were, this factor would still be weighed against the state. Barker v. Wingo, *supra*, 407 U.S. at 531, 92 S.Ct. 2182. In this situation we do not believe that Morris has made a colorable claim that the state delayed in order to prejudice his defense; but we also do not think that the state has justified the delay. We, therefore, assume that there is no justifiable reason and weigh this factor heavily against the state.

■ The factor labeled "defendant's assertion of his right" must be weighed against Morris in the circumstances of this case. Although the defense was quite simple, consisting merely of producing two alibi witnesses, Morris and his attorney waited for more than five months after the arraignment before raising the speedy trial issue. It is also noteworthy that Morris did not demand a speedy trial in his motion—rather, he sought dismissal of the charges for lack of one. The indications are that Morris

was not overly anxious to assert his right in the months following the arraignment or he would have acted more expeditiously himself.

■ We recognize that a defendant who fails to demand a speedy trial does not forever waive that right. Barker v. Wingo, *supra*, 407 U.S. at 528, 92 S.Ct. 2182. Nonetheless, "[w]hether and how a defendant asserts his right" can and should be considered when making the balancing test. *Id.* at 531–532, 92 S.Ct. at 2192. Here we are satisfied that this factor must be weighed against Morris. *See* United States v. Ackerson, 502 F.2d 300, 303 (8th Cir. 1974).

The final factor to be considered, prejudice to the defendant, is discussed in *Barker* as encompassing three interests which the right to a speedy trial was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker v. Wingo, *supra*, 407 U.S. at 532, 92 S.Ct. at 2192. (Footnote omitted.)

■ During all the relevant times involved herein Morris was in prison serving the 18-year sentence which was affirmed June 8, 1970. This does not mean that he could not still suffer from undue and oppressive incarceration prior to trial for he could lose the chance of a partially concurrent sentence, his conditions of confinement could worsen, he could lose opportunities for parole, and the prospect of rehabilitation may be adversely affected by a pending criminal trial. Moore v. Arizona, 414 U.S. 25, 27, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); Strunk v. United States, 412 U.S. 434, 439, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); Smith v. Hooey, 393 U.S. 374, 378, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). However, Morris makes no assertion that any of these possible adverse effects actually occurred. The fact that the 25-year sentence given in this case is to run consecutively to the earlier 18-year sentence which had been affirmed in June, 1970, shows that Morris lost no chance for a concurrent sentence or early parole.

The record reveals no other signs of oppressive pretrial incarceration.

■ Anxiety and concern of the accused are undoubtedly present to some degree in every case. Arrant v. Wainwright, *supra*, 468 F.2d at 682. However, that alone does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances. *See* United States v. Cummings, 507 F.2d 324, 330 (8th Cir. 1974). In fact, Morris claims that he had knowledge of the pending charge only from the time of his arraignment in April, 1971, until the trial in November of that year. This six and one-half month period is not excessive when it comes to determining whether or not there was great anxiety generated in the accused.

Morris contends that his defense was impaired by the delay in two ways: (1) he was inhibited from testifying on his own behalf because of the affirmance of an earlier felony conviction; and (2) he was required to recall his whereabouts on a date 16 months prior to the arraignment, while, had he been arraigned promptly, the date of the crime would have been only six or seven months in the past.

■ The first contention has already been disposed of above. Had Morris testified, the four separate robbery convictions would have been quite sufficient to impeach him. Morris knew this because the trial judge specifically called this to his attention. Also Morris' testimony would only have been cumulative since two alibi witnesses testified for him anyway.

■ The second contention is also specious. As stated by the Missouri Supreme Court:

We note that appellant does not contend that because of the delay he could not "recall where he was" but only that he was required to so recall after the delay. He did not testify at his trial, but he did offer two witnesses who testified that he was at a place

other than the Gateway National Bank of St. Louis at the time of the robbery.

State v. Morris, *supra*, 501 S.W.2d at 41.

We conclude that Morris was not prejudiced by the delay and that this factor must, therefore, be weighed heavily against him.

 In *Barker* the Court stressed that none of the four factors has "talismanic qualities" and that courts must look at cases on an *ad hoc* basis and engage in a "difficult and sensitive balancing process" in each one. Barker v. Wingo, *supra*, 407 U.S. at 533, 92 S.Ct. 2182. Bearing this discussion in mind, we are satisfied that in the circumstances of this case there has been no denial of the constitutional right to a speedy trial, even if there is no valid excuse for the delay which occurred. This deficiency is outweighed by the fact that Morris did not act forcefully or quickly to assert his right; and, most importantly, by the fact that no prejudice is shown in the factual allegations made by Morris.

## II.

In the instant case there is only one unresolved factual dispute—the reason for the delay—which is not resolvable based on the pleadings or the record. Generally, in such a situation the federal court must grant an evidentiary hearing to a habeas applicant. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(d)(1). However, before this inquiry is undertaken it must appear that the "petitioner's allegations, if proved, would establish the right to his release." Townsend v. Sain, *supra*, 372 U.S. at 307, 83 S.Ct. at 754. *Accord*, Harris v. Neil, 437 F.2d 63, 64 (6th Cir. 1971); Chapman v. California, 423 F.2d 682, 683 (9th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970); United States ex rel. Burage v. Pate, 316 F.2d 582, 584 (7th Cir. 1963). *See* United States v. Huffman, 490 F.2d 412, 413 (8th Cir. 1973), cert. denied, 416 U.S. 988, 94 S.Ct. 2395, 40 L.Ed. 766 (1974); Bridwell v.

Ciccone, 490 F.2d 310, 313 (8th Cir. 1973); Noorlander v. Attorney General, 465 F.2d 1106, 1108 (8th Cir. 1972), cert. denied, 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973).

Here we have accepted as true Morris' allegation that there is absolutely no valid excuse for the delay, and yet we still conclude that, as a matter of law, under Barker v. Wingo, *supra*, he has not established a denial of his constitutional right to a speedy trial. In these circumstances an evidentiary hearing would serve no useful purpose. *See* Griggs v. Superintendent, Anchorage State Jail, 469 F.2d 87, 88 (9th Cir. 1972).

For the foregoing reasons the judgment of the district court dismissing Morris' petition for writ of habeas corpus is affirmed.