**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Kenneth PILKERTON,
Defendant-Appellant.**

**No. 37948.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 31, 1978.

Gordon Webb, Forrest S. Fitzroy, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, John M. Morris, Asst. Atty. Gen., George Westfall, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a conviction of robbery and a sentence of fifteen (15) years imprisonment. On appeal, appellant raises three issues. First, appellant argues that his rights under Amendments Six and Fourteen of the United States Constitution and Art. I, § 14 and 18(a) of the Missouri Consti-

tution were violated because one of appellant's alibi witnesses became unavailable during the eleven month delay. Secondly, that the trial court committed prejudicial error in allowing an unindorsed rebuttal witness to testify at trial. Thirdly, that the verdict was against the weight of the evidence. For the reasons discussed below we affirm the judgment.

On February 10, 1975, appellant Kenneth Pilkerton was charged by information with the armed robbery of the Bonanza Sirloin Pit Restaurant located in St. Louis County on December 23, 1974. Appellant was arraigned on February 21, 1975, and pleaded not guilty. The cause was set for trial on April 7, 1975. Thereafter, the state asked for and received five continuances. No reason was put forth for the continuances. The trial was finally commenced on January 14, 1976. In the interim appellant filed two motions to dismiss, the first a motion to dismiss for failure to prosecute, and the second a motion to dismiss because of a denial of appellant's constitutional right to a speedy trial. Both motions were denied. The cause was presented to the jury on January 16, 1976, and on that day appellant was found guilty of first degree armed robbery and sentenced to fifteen years' imprisonment.

At trial the state put on two co-conspirators who testified that the appellant had spearheaded the robbery. Appellant's defense to the charges was an alibi that he was present at a party at the time the robbery was committed. Appellant took the stand to testify, and five witnesses were called to support this claim.

As to the first issue, appellant contends that the alibi witness in question, Patty Swift, could not be obtained to testify for the defense because she had left the jurisdiction during the delay. Appellant claims that this witness would have supported his alibi, and therefore, due to the delay he was prejudiced.

In *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court details the factors to be used in evaluating a speedy trial claim. A de-

fendant's constitutional right to a speedy trial is to be determined on an ad hoc balancing basis. The court considered four factors in the weighing process: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. After weighing these factors, we find that appellant's right to a speedy trial was not violated.

As to the first factor, length of delay, unless the delay is so inordinately lengthy it will not weigh heavily against the state. *Morris v. Wyrick,* 516 F.2d 1387, 1390 (8th Cir. 1975); *cert. den.* 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251. We hold that an eleven month delay is not inordinately lengthy. See *Morris v. Wyrick,* supra, (15½ month delay not inordinate); *U. S. v. Skillman,* 442 F.2d 542 (8th Cir. 1971) (20 month delay not inordinate).

The state failed to offer any justification for the delay. In such a situation, where the state has failed to justify its delay, this factor will be weighed against the state. *Morris v. Wyrick,* supra, 516 F.2d at 1390. Therefore, in this case this second factor will be weighed in favor of appellant.

The third factor to be considered is whether the defendant has asserted his right to a speedy trial. Although appellant never specifically asserted his right to a speedy trial in his August 27, 1975, motion to dismiss for failure to prosecute, he did make clear his intention to bring about a speedy completion of his cause. And in his December 17, 1975, motion to dismiss, appellant did specifically assert his right to a speedy trial. Therefore, this factor must weigh in favor of appellant.

The final factor, prejudice to the defendant, is the determinative element in this case. In dealing with this factor, the key issue is whether the accused's ability to defend himself has been impaired. *Barker v. Wingo,* supra, 407 U.S. at 532, 92 S.Ct. 2182.

Appellant alleges that the delay denied him the opportunity to present his best alibi

witness. Ms. Swift's testimony would have placed appellant at a party on the night of the robbery as did the testimony of appellant's five other alibi witnesses. Also, Ms. Swift's testimony allegedly would have been the most credible of all the alibi testimony as she could have placed appellant at the party for the greater and more detailed period of time. These arguments fail on several grounds.

First, appellant failed to show that the missing witness was unobtainable, nor that there was any attempt to secure the attendance of the witness at trial. There was testimony that placed Ms. Swift in Texas or Illinois. But the record does not show that appellant or his counsel made any attempt to contact Ms. Swift. In addition, if such contact had been made, then her presence could have been secured by the use of § 491.410 RSMo 1969, the "UNIFORM LAW TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHIN OR WITHOUT STATE IN CRIMINAL PROCEEDINGS." This is a uniform statute which has been adopted in both Texas and Illinois. Because there was no attempt to secure the presence of Ms. Swift at trial, the only conclusion which may be drawn is that Ms. Swift was not a key alibi witness.

Secondly, even if it were shown that Ms. Swift's presence was unobtainable, it does not appear from the record that her testimony would have been any more credible than the other five alibi witnesses. Appellant testified that he had talked to Ms. Swift "off and on" while at the party, but that he had talked to everyone else present. The five alibi witnesses were also present at the party, so it does not appear that Ms. Swift could have added any significant testimony. Therefore, it does not appear that the delay caused any impairment in the preparation of appellant's defense.

■ Therefore, applying the standard of the balancing test set forth in the *Barker* case, we conclude that the appellant has not established a violation of his constitutional right to a speedy trial.

■ As to the second issue raised, appellant argues that it was prejudicial error to allow an unindorsed rebuttal witness to testify. Rule 24.17, V.A.M.R., requires that the names of all material witnesses be indorsed upon the information. The settled case law of Missouri, however, has long held that rebuttal witnesses need not be so indorsed. *State v. Hooker*, 536 S.W.2d 487, 490 (Mo.App.1976); *State v. Gamache*, 519 S.W.2d 34, 40 (Mo.App.1975); *State v. Malone*, 301 S.W.2d 750, 758 (Mo.1957). In these cases this rule was applied to witnesses called by the state to rebut an alibi defense. Therefore, the ruling of the trial court allowing the state's rebuttal witness to testify was not error.

■ Appellant's third point on appeal is that "It was error to overrule appellant's Motion For Acquittal in that the verdict was against the weight of the evidence." This point is nothing more than an abstract statement as it fails to indicate in what way appellant believes the trial court erred. Therefore, this point was not properly preserved for appeal. Rule 84.04(d), V.A.M.R.; *State v. Persinger*, 533 S.W.2d 685 (Mo.App. 1976). Even if we were to consider this point on appeal, our ruling would be adverse to appellant's contention. This for the reason that it is beyond the ambits of appellate courts to inquire into the weight of evidence. *State v. Amerson*, 518 S.W.2d 29, 31 (Mo.1975). Nor can we sustain appellant's claim under our plain error rule, Rule 27.20(c). Because our review of the evidence in the light most favorable to the verdict indicates that the evidence was more than sufficient to support the verdict.

Accordingly, judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.