STATE of Missouri,
Plaintiff-Respondent,

v.

Donald L. REDDING,
Defendant-Appellant.

No. KCD29182.

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 10, 1978.

Application to Transfer Denied
Dec. 18, 1978.

Lee M. Nation, Kevin R. Locke, Asst. Public Defenders, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

The defendant appeals a judgment of conviction for robbery in the first degree and a jury-imposed sentence of thirty years. The defendant was charged with the armed robbery of a tavern. The bartender posi-

tively identified the defendant and also identified some keys which the defendant left behind at the scene of the robbery. Subsequently, these keys were found to belong to defendant's pickup truck, which was also left at the scene of the robbery.

An opinion was handed down in this case pointing out that the original transcript showed the untimely filing of the motion for new trial. On motion for rehearing, defendant asserted that an extension for filing the motion for new trial had been granted. Pursuant to leave of court, a supplemental transcript has been filed showing the motion for new trial was timely filed. The opinion has been modified to reflect a treatment of defendant's points as preserved error.

 Defendant first claims that the trial court erred in failing to dismiss the information on defendant's motion because of an eighteen-month delay between the occurrence of the crime and the filing of the information. Upon this claim of pre-indictment delay, it is clear that if there was substantial prejudice to the defendant's right to a fair trial and the delay was an intentional device to give the government a tactical advantage over the defendant, then there may be a deprivation of due process. The facts in this case, however, clearly show that there was no error on the part of the trial court in overruling defendant's motion. The evidence shows the defendant had lived in Colorado and Chicago, Illinois after the commission of the crime. He was apprehended in Chicago and returned to Missouri approximately nine months before the trial. The defendant asserts no claim of prejudice other than his inability to recall the events of the day in question. Such failure to recollect is a wholly subjective state of mind, and it was for the trial court to determine the credibility and weight of such assertion. *State v. Gardner*, 534 S.W.2d 284 (Mo.App.1976).

Defendant further claims that the trial court erred in failing to dismiss because of the eight-month delay from arraignment to trial, relying upon *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33

L.Ed.2d 101 (1972). Missouri has adopted the four-factor test of *Wingo* in *State v. Morris*, 501 S.W.2d 39 (Mo.1973). Eight months delay is not per se prejudicial. *State v. Morris, supra.* Defendant was tried within three terms after the filing of the information as required by § 545.920 RSMo 1969. The record is not entirely satisfactory, but at least two of the delays in the trial were occasioned by the defendant's attorney being unavailable for trial on the setting of the case. There is no assertion by the defendant of any substantial problem presented by the delays, and there was no error in the denial of the motion.

Defendant, in his last point, claims that the trial court erred in failing to accept a guilty plea. This issue is controlled by *Steward v. State*, 499 S.W.2d 830 (Mo.App. 1973), and is without merit. Factually the defendant denied participation and attempted to offer an equivocal plea which the trial court properly refused under Rule 25.04.

Judgment of conviction is affirmed.

All concur.