STATE of Missouri,
Plaintiff-Respondent,

v.

William F. POWERS,
Defendant-Appellant.

No. 11771.

Missouri Court of Appeals,
Southern District,
Division Three.

March 18, 1981.

John D. Ashcroft, Atty. Gen., Thomas G. Auffenberg, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

R. Brooks Kenagy, Beckham, Hale, Howald & Kenagy, Paul L. Bell, Steelville, appointed as counsel for appellant after brief was filed, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of second-degree burglary and stealing and sentenced to ten years imprisonment for burglary and five years for stealing.

Defendant's first two points contend that the state's evidence was insufficient to sustain the conviction. He contends that the state's case was based on circumstantial evidence and the inferences were not sufficient to establish guilt. In determining if the evidence is sufficient to support the charge, the evidence and all reasonable inferences are considered in the light most favorable to the state and all evidence and inferences to the contrary are disregarded. *State v. Williams*, 600 S.W.2d 120, 121 (Mo.App.1980); *State v. McGee*, 592 S.W.2d 886, 887 (Mo.App.1980). In these points defendant ignores the testimony that he told a person whom he had asked to assist him in selling guns, that he got them by breaking into the Miller residence a few days before. The state's case was partly circumstantial but was also established by direct evidence. The admissions by defendant that he committed the burglary and stealing constituted direct evidence of his guilt. *State v. Williams*, supra, 600 S.W.2d at 122. If the jurors believed the testimony regarding the admissions of defendant, they could have found that defendant was guilty of both offenses. It was undisputed that burglary and stealing occurred at the residence of Larry Miller. If evidence other than the defendant's admission shows that the crime was committed by someone, then the defendant's admission is admissible and if believed, completes the

case. *State v. Williams*, supra, 600 S.W.2d at 122; *State v. Hankins*, 599 S.W.2d 950, 954 (Mo.App.1980). Points one and two are denied.

Point three contends that the trial court erred in overruling defendant's motion for a mistrial because a juror informed the trial judge after all the testimony was in that he was not a resident of Dent County, Missouri, where the case was tried. During voir dire the juror said he lived south of Boss. Boss is in Dent County. The juror claimed that he did not know that he was ineligible to serve because of his residence until he was told by an acquaintance at the courthouse.

Jurors shall be residents of the county where the jury is impaneled. § 494.-010, RSMo 1978. The juror was never asked during voir dire in what county he resided. His statement about living south of Boss apparently was true. He testified at the hearing on the motion for new trial that he lived approximately 5 miles south of Boss in Reynolds County. Qualifications of a juror must be determined and objections made to the juror before the jury is sworn except where matters which might establish disqualification were covered and false answers given. *State v. Crawford*, 416 S.W.2d 178, 191 (Mo.1967). Where a party fails to inquire on voir dire about a juror's lack of qualification, he cannot thereafter complain. Id. 416 S.W.2d at 191–192. Here no false answers were given and when the juror learned that there might be a question as to the propriety of his serving, he informed court officials. If the juror had been asked if he resided in Dent County, we can only assume that he would have given a truthful answer. Having failed to inquire, defendant cannot complain now. Point three is denied.

We now consider defendant's fourth point. It contends that the trial court erred in overruling defendant's motion to dismiss because he was denied his right to a speedy trial "as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution". He says that there was a span of 1039 days between the filing of the information and his trial during most of which time he was incarcerated in a federal penitentiary and was available for trial and the case was passed "on numerous occasions" at the request of the prosecuting attorney.

The Sixth Amendment to the United States Constitution provides that in "criminal prosecutions, the accused shall enjoy the right to a speedy and public trial". That right was extensively considered in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to consider in determining if the defendant has been denied this right are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant from the delay. *Barker v. Wingo*, supra, 407 U.S. at 530, 92 S.Ct. at 2192; *State v. Black*, 587 S.W.2d 865, 869 (Mo.App.1979). Each case must be determined on its own facts. *State v. Black*, supra, 587 S.W.2d at 869.

We consider the factors in the order above stated. Defendant was arrested on December 14, 1976, the information filed on April 8, 1977, and he was tried and convicted on February 11, 1980. This period of delay is similar to the period in *State v. Black*, supra, that was held "presumptively prejudicial" and requiring further inquiry into the other factors but was not so lengthy as to automatically weigh heavily against the state or amount to prejudice per se. 587 S.W.2d at 875. See also *Morris v. Wyrick*, 516 F.2d 1387, 1390 (8th Cir. 1975), cert. denied, 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975).

The record shows numerous pretrial motions and hearings, but the reasons for much of the delay are not clear. The case was first set for September 23, 1977, as a number 2 setting. Why it was not tried then is not shown. It was thereafter "passed" twice, once with no reason given and once "at request of prosecuting attorney". Then the record shows that the case was "continued—defendant in prison". This has been said not to be an acceptable reason for a delay. *Morris v. Wyrick*, supra, 516 F.2d at 1390.

On April 23, 1979, defendant's appointed counsel withdrew, new counsel was appointed, and the case set for trial for July 25, 1979. Defendant then filed a motion to dismiss and for discovery. On July 5, 1979, defendant requested a change of venue. After the transfer on that request, it was set for August 30, 1979. For an unexplained reason the case was then continued to October 18, 1979. Trial was commenced on October 26, 1979, but there was a mistrial granted on motion of the defendant. Trial was then set for November 26, 1979. It was continued from that date due to defendant's motion for continuance and reset for January 30, 1980. The state filed a motion for continuance on January 29, 1980, which was granted "for good cause shown, i. e. the absence of a material witness, Dennis Busby." It was thereafter reset for February 28, 1980, then changed to February 12, 1980, and then February 11, 1980, when trial was commenced and concluded.

There is nothing in the record to indicate that the delays were deliberate on the part of the state or to hamper defense. It does not appear that the reasons for the delay can be said to be attributable only to the state, without just reason, and we do not think that this factor is of substantial benefit to defendant.

Defendant did not request a speedy trial. He had *no affirmative duty to bring himself to trial, Barker v. Wingo,* supra, 407 U.S. at 527, 92 S.Ct. at 2190, but that failure "will make it difficult . . . to prove that he was denied a speedy trial." Id. 407 U.S. at 532, 92 S.Ct. at 2193. Defendant may not have wanted a speedy trial and could have believed that he would benefit from delay or that trial might not occur if delayed long enough.

Defendant contends that he was prejudiced because a witness was unable to remember the morning when he was at her house. Defendant said he was there when the burglary occurred. The witness's failure to recall the exact day might well have occurred if trial was held a few weeks or months after defendant's arrest. He was out on bail three days following the offense.

He had an opportunity to talk to the witness, establish the date, and could have preserved the witness's memory then by written statement or other means for her future recollection. Defendant also says that he was prejudiced due to "confusion on the part of the Defendant and his wife as to the whereabouts of certain persons who could have been called to testify for the defense". We do not think the record establishes that there were any other witnesses that might have been of aid to defendant and if anything, shows that defendant and his wife were aware of the whereabouts of persons who might have been called. At trial defendant's wife testified that as recently as two days before the trial she had seen the person with whom defendant claimed he spent the morning of the burglary and that she knew at the time of trial where another possible alibi witness lived. Neither of these witnesses were called by defendant. We do not think defendant's contentions regarding the unavailability of witnesses and their dim memories was sufficient to show actual prejudice. See *United States v. Pallan,* 571 F.2d 497, 501 (9th Cir. 1978), cert. denied, 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *United States v. Seawell,* 550 F.2d 1159, 1164 (9th Cir. 1977).

Defendant also contends that he was prejudiced due to anxiety and concern but that alone does not establish prejudice because defendant "neither asserts nor shows that the delay weighed particularly heavily on him in specific instances". *Morris v. Wyrick,* supra, 516 F.2d at 1391.

Weighing the four factors above set forth, we conclude that the defendant's right to a speedy trial was not denied. Point four is without merit.

■ Defendant's fifth point contends that the trial court erred in overruling his motion to dismiss because he was denied his right to be discharged under §§ 545.890 and 545.920, RSMo 1969 as more than three terms of court elapsed between the time he was charged and brought to trial. We need not decide if either section could apply here as defendant did not demand a trial. A

defendant is not entitled to be released under these sections unless he demanded a trial, and was not granted it within a reasonable length of time. *State v. Harper,* 473 S.W.2d 419, 424 (Mo. banc 1971); *State v. Hollis,* 584 S.W.2d 137, 143 (Mo.App. 1979). Point five is denied.

We now consider defendant's sixth point. He contends that the trial court erred in overruling his motion to suppress statements made by him to Dennis Busby because the statements were obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution as "Dennis Busby was acting as an instrumentality of the police at the time said statements were allegedly made to him." When the statements were offered in evidence during trial no objection on that basis was made. When a motion to suppress evidence is denied and the evidence is offered, the defendant must object at the trial to preserve his contentions for appellate review. *State v. Howard,* 564 S.W.2d 71, 74 (Mo.App.1978). Objections to statements, allegedly given in violation of a defendant's constitutional rights, must be properly preserved and presented to the trial court. *State v. Miller,* 593 S.W.2d 895, 897 (Mo.App.1980). This contention was not preserved for our review. Point six is denied.

We now consider defendant's point seven. Defendant contends that the trial court erred "by refusing to permit Defendant's counsel to cross-examine State's witness, Dennis Busby, in regard to making false reports to police officers, because said ruling denied Defendant his rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article One, Section 18(a) of the Constitution of Missouri, in that Defendant was not allowed his right to confront witnesses against him."

During the cross-examination of Dennis Busby, the following occurred:

"Q. Mr. Busby, have you ever given false information to police officers in the past?

A. No.

Q. You didn't give false information in the case of State vs. Lumley, which was tried in Phelps County, Missouri?

MR. RAYFIELD: Objection, your Honor, it's irrelevant, there's been no showing that such has ever happened.

THE COURT: Sustained. Approach the bench."

Cross-examination about prior misconduct, and the extent of such cross-examination, is left to the trial court's discretion and will not be interfered with by an appellate court unless that discretion is abused. *State v. Cleveland,* 583 S.W.2d 263, 266 (Mo.App.1979). However, the wide discretion possessed by the trial court should not be permitted to allow the restriction of cross-examination as to relevant and material matters. *State v. Summers,* 506 S.W.2d 67, 73 (Mo.App.1974); *Rogers v. St. Avit,* 60 S.W.2d 698, 700 (Mo.App.1933).

Relying upon *State v. Williams,* 492 S.W.2d 1 (Mo.App.1973), defendant contends that the question to the witness was proper. That case held that it was proper cross-examination to ask the witness if she lied to the police concerning an incident where she was shot in the foot. The shooting was unrelated to the case in which she was testifying. The court held that the question went to the witness's veracity, saying "If she cannot be trusted to make a truthful report to authorities, the jury may reasonably infer that she cannot be trusted on the witness stand." 492 S.W.2d at 6.

Defendant's counsel was asked by the court at the bench if he wished to make an offer of proof. No direct response was made but there was no comment by defendant's counsel which could be construed as an adequate offer of proof. The state contends that this point should not be reviewed because no offer of proof was made. Generally, error in refusing evidence is not preserved for review unless a proper offer of proof is made, *State v. Nauman,* 592 S.W.2d 258, 262 (Mo.App. 1979), and the offer must be sufficiently specific in detail to demonstrate the relevance of the testimony the party making

the offer seeks to introduce. *State v. Browner*, 587 S.W.2d 948, 958 (Mo.App. 1979). However, an offer of proof is not necessary where the question asked clearly indicates the answer expected and its relevancy and materiality nor is an offer of proof ordinarily required during cross-examination. *Rogers v. St. Avit*, supra, 60 S.W.2d at 700; 75 Am.Jur.2d, Trial, § 129, p. 225. The reason for the latter is that counsel will often not have prior information sufficient to know what answer may be given. *Cohen v. Cohen*, 196 Ga. 562, 27 S.E.2d 28, 30 (1943). Here by referring to "*State v. Lumley*", counsel indicated he had prior knowledge but never specified what it was.

At the bench conference the prosecutor stated that he believed that defendant's counsel was trying to make the witness look "bad in front of the jury without anything to back it up". The court then asked counsel if he wished to make an offer of proof, apparently to inform the court of any basis that counsel had for believing that false information may have been given by the witness, but counsel did not do so. Defendant's counsel took the position that based on *State v. Williams*, supra, he had the right to ask the question. We do not read that case as indicating that there is an absolute right to ask such a question absent a good faith

basis to believe that such had occurred. The mere asking of the question infers that there is a basis for believing false information was given, which inference may remain with the jury even if a negative answer is given. Counsel in *Williams* apparently was in good faith and offered to prove the import of his questions while before the bench before asking them. See 492 S.W.2d at 7. Here counsel had an opportunity to show any basis he had that would indicate that false information was given but did not do so. Had defendant's counsel indicated that he had information showing that the witness gave false information, the trial court may have allowed the question. We believe that the trial court did not abuse its discretion in requiring counsel to show a good faith basis for the question before being allowed to ask it. This point is denied.

We find no error in defendant's trial, plain or otherwise. The judgment is affirmed.

All concur.